### RYDER & ux. v. ROBINSON.

If pending a real action brought by husband and wife in her right, the wife die, the husband cannot proceed in that suit for his estate by the curtesy, by *Stat.* 1822, *ch.* 186, but the writ abates.

If a real action is abated by the death of one of the demandants, the tenant shall not have costs, it being the act of God.

WRIT OF RIGHT.   *Allen,* for the demandants, suggested that since the last term the wife, in whose right the action was brought, had died; and moved for leave to amend the writ by striking out her name, and that the cause might proceed for the husband alone, as tenant by the curtesy, pursuant to *Stat.* 1822, *ch.* 186;—which enacts that if one of the demandants in a real action die or intermarry, such death or intermarriage shall not abate the writ; but it being suggested on the record, the remaining demandant or demandants may amend the declaration so as to describe their interest in the land, and proceed to judgment, &c.

*Greenleaf* and *Ruggles,* for the tenant, objected that the statute could not enable surviving demandants to recover any other estate than that to which they were entitled at the bringing of the action, to which time every amendment must relate; and at *that time* the husband was not tenant by the curtesy.

And THE COURT, for this reason, refused the amendment; and the writ abated.

The counsel for the tenant then moved for costs against the surviving demandant, which the Court refused, the writ being abated by the act of God.