[S. F. No. 1293.   Department One.—March 20, 1900.]

ARTHUR L. BEGBIE, Respondent, v. ALICE E. BEGBIE, Appellant.

Divorce—Appeal from Judgment—Limitation.—A judgment is not open to review where the appeal therefrom was taken more than six months after its entry.

Id.—Appeal from Order Denying a New Trial—Death of Appellant—Abatement—Dismissal.—An appeal from an order denying a new trial in an action for divorce in which no money question is involved abates upon the death of the appellant, and the appellate court is deprived of all authority to review the action of the superior court, and the appeal must be dismissed.

Id.—Question of Costs—Effect of Abatement.—Where no costs were allowed in the judgment, the appeal cannot be retained after the death of the appellant to determine the question as to who is entitled to recover the costs upon appeal. Upon the abatement of an action or appeal by death of a party, there can be no judgment for costs in favor of the survivor, but each party must bear his own costs incurred prior to the death.

Id.—Costs Incident to Judgment.—Costs are but an incident to a judgment; and if the court, by abatement of the action, loses power to render any judgment in the case before it, it is powerless to render any judgment for the costs incurred therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

George A. Rankin, for Appellant.

C. K. Bonestell, for Respondent.

HARRISON, J.—A judgment of divorce was entered in the superior court in favor of the plaintiff and against the defendant June 25, 1897. No judgment was rendered for costs, nor is any question of property involved in the action. An order denying the defendant's motion for a new trial was made and entered November 9, 1897. January 4, 1898, the defendant appealed from this judgment and order. The appeal from the judgment was taken more than six months after its entry, and

for that reason the judgment is not open to review. After the transcript on appeal had been filed, and before the appeal was heard in this court, the defendant died. The action being solely for the purpose of determining her personal status it abated upon her death, and the court is deprived of all authority to review the proceedings of the superior court. We held in *Kirschner v. Dietrich*, 110 Cal. 502, that in an action for divorce the death of the wife subsequent to the entry of judgment deprived the superior court of all power to review its action for the purpose of determining her right to a divorce, and, upon the same principles, her death, pending an appeal from the judgment, or from an order denying a new trial, takes from the appellate court the right to review the action of the superior court. (See, also, *Barney v. Barney*, 14 Iowa, 189; *Downer v. Howard*, 44 Wis. 82; *Maskall v. Maskall*, 3 Sneed, 208.)

The appellant does not controvert this proposition so far as the action affects her personal status as a wife, but insists that the personal representatives of the wife have the right to have the appeal heard in order that, if it shall be determined that the superior court erred, they may recover from the respondent the costs incurred by them in taking the appeal.

The right to recover costs exists solely by virtue of statutory provision (see *Downing v. Marshall*, 37 N. Y. 380, where a history of the subject is given); and their recovery is governed by the statute in force at the time the right to have them taxed accrued. (*Supervisors v. Briggs*, 3 Denio, 174; *Jackett v. Judd*, 18 How. Pr. 385.) Under sections 1021 et seq. of the Code of Civil Procedure, costs are not taxable or recoverable until a judicial determination is had in the action in which they have been incurred. There can be no judgment for costs except as a part of the judgment upon the issues in the action. They are but incident to the judgment, and, if the court loses power to render a judgment between the parties upon the issues before it, it is equally powerless to render a judgment for the costs incurred therein. When a suit abates by the death of a party there can be no judgment for costs in favor of the survivor. (*Ryder v. Robinson*, 2 Me. 127; *Cutts v. Haskin*, 11 Mass. 56.) The rule is the same when the action abates after judgment and pending an appeal. Upon the abatement each party must

bear his own costs incurred prior thereto. (*Harvey v. Harvey*, 87 Ill. 54.) In *Travis v. Waters*, 12 Johns. 500, it was said to be "an established rule in equity that where there has been no decree for costs and the suit abates by the death of the party, the right to costs up to the time is extinguished unless the costs are payable out of a particular fund, or are connected with a duty toward the party claiming costs." In *Johnson v. Thomas*, 2 Paige, 383, the chancellor said: "If the whole grounds of the suit have been removed by the death of the complainant, it would be against the settled practice of the court to hear an argument of the original merits of the cause merely for the purpose of determining a question of costs between the parties."

Upon the foregoing authorities we must hold that the abatement of the suit has deprived the court of all authority to hear the appeal.

The appeal is dismissed.

Garoutte, J., and Van Dyke, J., concurred.