## CARY v. CARY.

(Supreme Court, Appellate Division, Third Department.    May 3, 1911.)

DIVORCE (§ 165*)—FINAL JUDGMENT OF DIVORCE—VACATING.

Though, under Code Civ. Proc. § 1774, a party is entitled as of course to a final judgment of divorce three months after entry of the interlocutory judgment, "unless for sufficient cause the court in the meantime shall have otherwise ordered," yet as, under section 1758, the divorce should be denied, though the adultery of defendant be proved, "where the offense charged has been forgiven by the plaintiff," the parties having voluntarily cohabited as husband and wife after entry of the interlocutory judgment but before entry of the final judgment, for which, had it been known to the court, the final judgment should have been denied, it should be vacated and set aside on such fact, concealed from the court, being brought to its knowledge after its entry.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–542; Dec. Dig. § 165.*]

Appeal from Special Term, Rensselaer County.

Action by Charles H. Cary against Katherine L. Cary for divorce. From the order entered July 30, 1910, denying her motion to set aside the final judgment of divorce, defendant appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

McChesney & Gillet, for appellant.

M. D. Nolan, for respondent.

SMITH, P. J.    The interlocutory judgment herein was rendered upon July 28, 1909. The final judgment was made November 6, 1909, and entered November 28, 1909. In August of the same year, and before the final judgment of divorce had been made and entered, the plaintiff took the defendant to his home, and there lived and cohabited with her as husband and wife, and continued that relation after the final judgment was entered, and until March of the succeeding year. By section 1758 of the Code of Civil Procedure a divorce should be denied, although the adultery be proven, "where the offense charged has been forgiven by the plaintiff," which fact may be proven by the voluntary cohabitation of the parties with the knowledge of the fact. By section 1774 a party is entitled as of course to a final judgment three months after the entry of the interlocutory judgment, "unless for sufficient cause the court in the meantime shall have otherwise ordered." If the fact of the voluntary cohabitation had been known to the court at the time of the entry of the final judgment, the final judgment would undoubtedly have been denied. The fact that it was concealed from the court at that time gives full warrant to the court, upon the discovery of this fact after the entry of final judgment, to vacate and set aside the same. The order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.