[Sac. No. 2586. In Bank.—June 1, 1917.]

ALBERT OLSON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF MERCED et al., Respondents.

DIVORCE — FINAL DECREE — MANDAMUS. — Mandate is an appropriate remedy to compel the entry of a final decree of divorce where the court's duty is plain and unmixed with the exercise of discretionary powers.

ID.—DUTY OF COURT TO ENTER FINAL DECREE.—Under section 132 of the Civil Code, when one year has expired after the entry of an interlocutory decree of divorce, the court must, on motion of either party, enter the final judgment granting the divorce, whenever the facts are shown entitling the movant to such final decree.

ID.—EFFECT OF INTERLOCUTORY DECREE.—The interlocutory decree fixes the right of the blameless spouse to a decree of divorce as and of the time when such decree is given, but it does not sever the marital bonds. It is merely a declaration that one of the spouses has at that time established a right to a final decree which will be entered at and after the expiration of one year.

ID.—RECONCILIATION BEFORE ENTRY OF FINAL DECREE.—One of the ends the law has in view in enforcing the delay of one year before an absolute severance of the marriage ties is to give the spouses a chance to effect a reconciliation.

ID.—COURT MAY REFUSE TO ENTER FINAL DECREE AFTER RECONCILIATION. If before the time when the final decree could have been entered the innocent spouse condoned the offense for which the interlocutory decree was given, and thereupon the spouses became reconciled and thereafter continuously lived together as husband and wife for five years, the court has the inherent power to refuse to enter the final decree on the motion of the condonee.

APPLICATION for a Writ of Mandate directed to the Superior Court of Merced County and to E. N. Rector, the Judge thereof.

The facts are stated in the opinion of the court.

Stephen P. Galvin, and W. B. Croop & C. W. Croop, for Petitioner.

Andrew R. Schottky, for Respondents.

Adolf Michel, and George J. McDonough, for Josie L. Olson.

HENSHAW, J.—This hearing is under an original alternative writ of mandate issued by this court on the petition of Albert Olson, who seeks to compel the superior court of Merced County to enter a final decree of divorce, more than one year having elapsed since the interlocutory decree was made and given in favor of his wife, who was the plaintiff in the divorce suit.

Chronologically, the following facts have a bearing on the consideration: Josie L. Olson, wife of petitioner herein, sued and obtained an interlocutory decree of divorce against her husband, which decree was entered on May 13, 1910. Thereafter, and in February, 1911, before the expiration of the year after which the final decree could be entered, the wife, at the solicitation of the husband, became reconciled to him, returned to his house, and resumed marital relations with him. Together they thus lived as husband and wife for five continuous years. Then, on the twenty-first day of February, 1916, the husband secretly and without the knowledge of the wife caused a final decree of divorce to be entered in the action. This becoming known to the wife, upon her application and within the six months' period of time limited by section 473 of the Code of Civil Procedure, the court vacated and annulled this final decree and declared in its order so doing that the defendant (the husband) "is not entitled to a final decree of divorce in the said action, the status of married persons having been restored between the parties by reason of their reconciliation, and the resumption of marital relations." No appeal was taken from this last-mentioned order. Thereafter, the husband again petitioned for a final decree of divorce and upon the court's refusal to enter it sued out this writ of mandate.

That mandate is an appropriate remedy to compel the entry of such a final decree where the court's duty is plain and unmixed with the exercise of discretionary powers does not admit of debate, and has, in fact, been decided (*Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897]). Petitioner's contention is that under the facts above narrated the trial court has no discretionary power by virtue of the mandatory provision of section 132 of the Civil Code. That section declares that "when one year has expired after the entry of such interlocutory judgment, the court on motion of either party, or upon its own motion, may enter the final judgment granting the divorce." That the word "may," as thus employed in the statute, means

"must" whenever the facts are shown entitling the movant to such final decree requires no discussion. Petitioner's argument is based upon the proposition that when one year has in fact elapsed the right is absolutely final and the trial court is without the slightest discretion in the matter of withholding the relief sought.

The question is one of first impression in this state, but in our view is one exceedingly easy of solution. Under our divorce laws the interlocutory decree fixes the right of the blameless spouse to a decree of divorce as and of the time when the interlocutory decree itself is given. Barring the familiar equitable considerations of fraud or mistake in the procurement of this decree, all matters therein litigated have passed beyond the possibility of future litigation, but it is never to be forgotten that the interlocutory decree does not sever the marital bonds. It is merely a declaration that one of the spouses has at that time established a right to a final decree which will be entered at and after the expiration of one year. (*Estate of Dargie,* 162 Cal. 51, [121 Pac. 320].)

What ends has the law in view in enforcing the delay of one year before an absolute severance of the marriage ties? This question, too, has been answered by our decisions, and it is truly declared to be one of the important purposes of the law to give the spouses a chance to effect a reconciliation which the law always favors. (*Barron* v. *Barron,* 7 Cal. Unrep. 345, 347, [96 Pac. 273].)

The facts presented show, that one of the great purposes of our law had been fulfilled. Before the time when the final decree could have been entered the wife condoned her husband's offense and they became reconciled. They lived together as husband and wife continuously for five years thereafter, at the end of which time the condonee, not the condoner, demands of the court the entry of the final decree severing the bonds of matrimony between himself and his wife, with whom he had thus been living. From its very nature the interlocutory decree can only operate upon facts existing down to the time it is given. It is within the contemplation of the law that facts subsequently arising should have their influence in determining the right to a final decree. While in every proper case a trial court will, and if necessary by mandate will be compelled to, enter such a final decree, it would be a grave reproach to our jurisprudence to hold that our law

ever contemplated that such a decree could be forced upon a
blameless and nonconsenting wife after such a reconciliation.
Our law demands no such thing.   It never designed to make
itself an instrument of such frauds.   The similar law in the
state of New York entitles either spouse to a final judgment
after three months "unless for sufficient cause the court in
the meantime shall have otherwise ordered," and under that
statute the court refused a final decree where a reconciliation
was effected such as is here shown.   (*Cary* v. *Cary*, 144 App.
Div. 846, [129 N. Y. Supp. 444].)   But in the absence from
our statute of this express language found in that of New
York, the power of our courts is no different.   The New York
statute but expressed the power which our courts in equity
inherently possess.   They have under our present statute and
without express authorization the power to recognize condona-
tions and reconciliations such as are here shown and to do
justice to the litigants as may be demanded by such events
in their lives as have arisen subsequent to the entry of the in-
terlocutory decree and before the expiration of the fixed period
of one year.

It would, in our view, be superfluous to elaborate upon a
proposition so plainly consonant with the principles of equity
and the due administration of justice.

Wherefore, the writ is discharged.

Melvin, J., Lorigan, J., Sloss, J., Shaw, J., and Angellotti,
C. J., concurred.