[Civ. No. 2985.   Second Appellate District, Division One.—October 30, 1919.]

## MAIETTE S. GLOYD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] DIVORCE—FINAL DECREE—JUDICIAL ACT.—The entry of a final decree of divorce is a judicial act and not merely a clerical act consequent upon a previous judicial act; and, although by the interlocutory decree it has been declared that the prevailing party is entitled to a divorce and the time for appeal therefrom may have expired, that right is subject to defeat by events occurring after the interlocutory decree has been entered.

[2] ID.—ENTRY OF INTERLOCUTORY DECREE—DEATH WITHIN YEAR—DISSOLUTION OF STATUS—JURISDICTION TO ENTER FINAL DECREE.—The superior court is without jurisdiction to change or alter the status of the defendant in a divorce action, notwithstanding an interlocutory decree was entered adjudging that the plaintiff was entitled to a divorce, where the plaintiff died within one year after the entry of the interlocutory decree. The relation and status of the parties as husband and wife was dissolved by the death.

[3] PROHIBITION—WHEN WRIT MAY BE GRANTED—RIGHT OF APPEAL.—The mere right of appeal does not constitute a bar to an applica-

2.   Abatement of pending action for divorce by death of plaintiff, note, 17 Ann. Cas. 876.

tion for a writ of prohibition. It must further appear that in the particular case the exercise of such right of appeal would afford to the petitioner a plain, speedy, and adequate remedy. (On denial of rehearing.)

PROCEEDING in Prohibition to prevent the entry of a final decree of divorce. Granted.

The facts are stated in the opinion of the court.

Oscar Lawler and Overton, Lyman & Plumb for Petitioner.

John C. Stick and Hunsaker, Britt & Edwards for Respondent.

CONREY, P. J.—Prohibition. This matter is presented for decision upon the petition filed and the answer thereto of the respondent. The facts as we shall state them are admitted.

On the twenty-seventh day of February, 1918, in the superior court of Los Angeles County, in an action wherein Albert M. Gloyd was plaintiff and the petitioner Maiette S. Gloyd was defendant, an interlocutory decree was entered adjudging that the plaintiff was entitled to a divorce from the defendant, "and that when one year shall have expired, after the entry of this interlocutory judgment, a final judgment and decree shall be entered, granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between the said plaintiff and the said defendant shall be dissolved." It was alleged in the complaint and admitted by the answer and declared in the findings of fact in that action that there was no community property belonging to the plaintiff and defendant. The conclusions of law and the interlocutory decree were silent with regard to community property and all other property rights of the parties, and did not in terms purport to deal with any other matter than the right to a divorce. On the fourth day of April, 1918, Albert M. Gloyd died, leaving a separate estate consisting of property of large value, the principal part of which is located in the state of Missouri. Litigation is pending in the district court of the United States for the western district of Missouri, between the said Maiette S. Gloyd, claiming to be the widow of Albert M. Gloyd, deceased, and other persons concerning their respective claims of interest in the estate of said

Albert M. Gloyd. On the tenth day of March, 1919, pursuant to notice, the attorneys who appeared for Albert M. Gloyd in the divorce action presented to the superior court a motion requesting that court to enter the final decree of divorce. This motion was resisted by the defendant in that action, petitioner herein, who contended there and contends here that the superior court had no jurisdiction to hear said motion or enter a final decree purporting to dissolve the marriage of Albert M. Gloyd and petitioner. Nevertheless the court did entertain the motion and threatens to and, unless restrained and prohibited from so doing, will make and enter the demanded final decree.

The interlocutory judgment, with its provision for a final judgment, was in conformity with section 132 of the Civil Code. That section was added to the code in the year 1903. (Stats. 1903, p. 76.) Since the enactment of that section its meaning and effect have been considered in a considerable number of decisions. In *Estate of Walker,* 176 Cal. 402, [168 Pac. 689], the death of the husband, plaintiff in a divorce action, occurred about four months after the entry of the interlocutory decree, and a controversy arose over the question of legitimacy of twin children born within ten months after the plaintiff's death. It was held that ''the marriage relation existing between the husband and wife was not dissolved by the interlocutory decree of divorce, but by the death of the husband on November 20, 1913.'' In *Olson* v. *Superior Court,* 175 Cal. 250, [1 A. L. R. 1589, 165 Pac. 706], the supreme court said ''It is never to be forgotten that the interlocutory decree does not sever the marital bonds. It is merely a declaration that one of the spouses has at that time established a right to a final decree which will be entered at and after the expiration of one year.'' It was then suggested that one of the important purposes of the law was to give the spouses opportunity to effect a reconciliation, and it was held that where such reconciliation had taken place and the marital relations had been resumed within the year following the entry of the interlocutory decree, the court properly refused to enter a final decree. In *Estate of Dargie,* 162 Cal. 51, [121 Pac. 320], referring to Civil Code, section 132, the court said: ''By the terms of the statute, it is the final judgment alone that grants the divorce, dissolves the marriage, restores the parties to the status of

single persons, and permits each to marry again. The statute does not itself declare the marriage dissolved at the expiration of the year from the interlocutory judgment. It merely suspends for one year the power of the court to dissolve it, and, in effect, provides that it becomes dissolved only when, after the expiration of that period, the court has, by its final judgment, so declared. In the meantime the parties remain in the legal relation of husband and wife. . . . It follows from what we have said that, at the time of the death of the decedent, Erminia P. Dargic was his wife and that she is now entitled to such rights as the law confers upon her, under the circumstances, as his widow, including the right to a family allowance.''

[1] From the law as thus settled and determined it becomes clear that the entry of a final decree of divorce is a judicial act and not merely a clerical act consequent upon a previous judicial act. Although by the interlocutory decree it has been declared that the prevailing party is entitled to a divorce and the time for appeal therefrom may have expired, that right is subject to defeat by events occurring after the interlocutory decree has been entered. As we have seen, reconciliation of the parties and actual resumption of the marriage relation may justify the court in refusing, or make it the duty of the court to refuse, to grant the divorce.

Petitioner contends that the death of either the husband or wife prior to the entry of a final decree of divorce deprives the court of the power to enter such final decree; that this is so because the subject of the litigation is the personal status of the husband and wife, arising from the marriage, and that this is a thing which terminates upon the death of either one of those parties. In *Kirschner* v. *Dietrich,* 110 Cal. 502, [42 Pac. 1064], it was pointed out that the object of an action for divorce is to change the personal status of the plaintiff in relation to the defendant, and that upon the death of the plaintiff there was no personal status which a judgment could change. Such an action, the court said, could not be further prosecuted or defended upon the death of the plaintiff, whether her death was before or after the judgment. It was further suggested in that case that the primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their right to community property is but incidental thereto. In *Begbie* v.

*Begbie*, 128 Cal. 154, [49 L. R. A. 141, 60 Pac. 667], the defendant died during the pendency of an appeal taken by her from an order denying her motion for a new trial in an action wherein a divorce had been granted to the plaintiff. Upon the suggestion of the death of appellant, the court dismissed the appeal and held that the action being solely for the purpose of determining the defendant's personal status, it abated upon her death and the court was without authority to review the proceedings of the superior court.

[2] Observing the principles above stated, we are satisfied that the superior court is without jurisdiction to change or alter the status of petitioner by entering a decree of divorce in the action of *Gloyd* v. *Gloyd.* The principal if not the only subject matter of that action remaining for further judicial determination after the entry of the interlocutory decree down to the time of the death of the plaintiff was the status of the plaintiff and defendant as husband and wife. That relation and status having been dissolved by death, the petitioner, Maiette S. Gloyd, forthwith became the surviving wife of Albert M. Gloyd, with the vested right to be recognized as his widow and with such further vested rights of property as may result from the fact that she was his wife at the time of his death.

Respondent relies upon that part of the Civil Code, section 132, which says: "The death of either party after the entry of the interlocutory judgment does not impair the power of the court to enter final judgment as hereinbefore provided." In *Estate of Seiler*, 164 Cal. 181, [Ann. Cas. 1914B, 1093, 128 Pac. 334], the supreme court, referring to this provision of the code, said: "Possibly it was designed to enable the court to establish, by final decree rendered after the death of a party, property rights which had been passed upon, provisionally or otherwise (*Pereira* v. *Pereira*, 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]), in the interlocutory decree. But certainly such final decree could not have been intended to effect the dissolution of the marriage. This result is already accomplished by the death of one of the parties. Nor can we believe that the legislature intended to authorize the court, possibly of its own motion and against the will of the only remaining party in interest (Civ. Code, sec. 132), to enter a decree which should operate retroactively to take away rights of inheritance which

had, by the death, become vested in the surviving spouse.'' Respondent claims that, on the record in *Estate of Seiler* the foregoing statement of the court was mere *dictum*. At least, it was on a point presented by counsel, and states a view with which we agree. And if the view so stated be correct, it follows that even if, for any imaginable purpose, the respondent might be authorized to enter a final decree declaring that there was no community property, such authority does not carry with it jurisdiction to enter a decree purporting to put an end to a matrimonial relation which has ceased to exist. Assuming that, as claimed by respondent, the decision of this court in *John* v. *Superior Court,* 5 Cal. App. 262, [90 Pac. 53], is in conflict with this conclusion, that decision, so far as such conflict exists, must be deemed to be overruled.

It is ordered that a peremptory writ issue in accordance with the prayer of the petition herein.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1919, and the following opinion then rendered thereon:

THE COURT.—Counsel for respondent in their petition for a rehearing after judgment rendered herein, suggest that with the answer there was filed a demurrer, the ground of demurrer being that the petition did not state facts sufficient to constitute a cause of action in which a writ of prohibition should issue.

When this case was called before the court for hearing the attorney for respondent stated to the court that ''a return has been made,'' and that the parties had agreed that the matter might be submitted upon briefs. The court made its order of submission accordingly. The briefs ignored the existence of any demurrer. We think that in the opinion filed we did not neglect any material part of the argument submitted by counsel in their briefs.

It may be said further, however, that we did carefully consider the question whether or not a proper case was presented for the issuance of a writ of prohibition.

[3]  The mere right of appeal does not constitute a bar to an application for a writ of prohibition.  It must further appear that in the particular case the exercise of such right of appeal would afford to the petitioner a plain, speedy, and adequate remedy.  As has been pointed out by counsel for petitioner, the death of one of the parties to a divorce action pending appeal from the decree would be sufficient ground for dismissal of the appeal.  Two cases establishing that rule are cited in the opinion filed in this case.  Moreover, facts were alleged in the petition which, as it seems to us, tended to render inadequate the right of appeal from any final decree of divorce that might be entered in the action of *Gloyd* v. *Gloyd*.

The petition for a rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1919.

All the Justices concurred, except Lawlor, J., and Olney, J., who dissented.