[Civ. No. 4904. First Appellate District, Division Two.—March 11, 1924.]

## WALTER MAIDEN, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

[1] PROHIBITION — DIVORCE — MODIFICATION OF DECREE — MOOT QUESTION.—Where it patently appears that, at the time of making application to the appellate court for a writ of prohibition to prevent the superior court from modifying an interlocutory decree of divorce, the parties themselves have compromised their several disagreements by contract, the writ will be discharged.

(1) 40 Cyc., p. 2517.    (2) 17 C. J., p. 333, sec. 3678.

PROCEEDING in Prohibition to prevent the Superior Court of Alameda County from modifying an interlocutory decree of divorce. T. W. Harris, Judge. Writ discharged.

The facts are stated in the opinion of the court.

John T. Wentz for Petitioner.

Gerald C. Halsey and Frederic T. Leo for Respondent.

Opinion of the court, stated by Mr. Justice GEORGE A. STURTEVANT (from the bench):

Assuming that Mr. Leo and Mr. Halsey had been called as witnesses, as has been stipulated, they would have testified that they did not threaten Mr. Maiden regarding the making of the contract. There is here Mr. Maiden's affidavit that he was threatened, and the preponderance of testimony is against him. That the rule would have special application in a fraud charge. The court would not be burdened at all in determining against Mr. Maiden that he was not threatened and imposed upon.

He and his wife have compromised these matters. There are two distinct subjects, one touching their property rights and one touching the divorce. As to the property rights, they had the unquestionable right to make a settlement. Now, then, assuming that in the contract they inserted something regarding the entering of the final decree. That is somewhat cleared up as between them, but there is a third

party who has not been heard from on that subject yet, and that is Judge Harris. This court may not assume, in advance, that Judge Harris will accept and will act upon any such contract purporting to confer jurisdiction if jurisdiction had expired, nor may we assume that he will use such a contract as conferring jurisdiction to modify the *interlocutory decree in any respect provided that he reaches a conclusion that a sufficient showing has not been made that these parties cohabited subsequent to the entry of the interlocutory decree and come within the rule of Olson v. Superior Court of Merced County,* 175 Cal. 250 [1 A. L. R. 1589, 165 Pac. 706].

[1] It patently appearing that at the time this application was made for a writ of prohibition the parties themselves had compromised their several disagreements by contract, it is a moot question that is before us, and, basing our order solely upon that, we discharge the writ.