EDNA SMART SHERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65593. Promulgated December 21, 1933.

*E. D. Turner, Esq.,* for the petitioner.
*E. A. Tonjes, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent has determined a deficiency in income tax for the year 1929 in the amount of $7,243.90. The issues pleaded by the petitioner are (1) that the respondent erred in computing her income from a certain trust in the taxable year, and (2) in determining that one half the salary of her husband is taxable to her. In his brief counsel for petitioner abandons the first issue. The

parties have filed a stipulation which the Board has accepted and from which the material facts are summarized as follows:

The petitioner is, and for a long time prior to the taxable year, was the wife of Frederick Royal Sherman. Husband and wife are residents of San Francisco, California, but since some time in 1926 have lived separately. On May 12, 1926, they entered into an agreement in which the husband agreed to transfer all his rights, title, and interest in certain real and personal property to the petitioner. The instrument evidencing such agreement specifies and describes all the assets to be transferred. It makes no mention of community property or community interests. In it there is no mention of income or of the right to receive income. This agreement was subsequently somewhat amended but the changes are not material to the issues here. In the taxable year the husband received a salary of $22,500 and in his Federal income tax return included the whole amount thereof in his gross income. Upon audit the respondent determined that one half the husband's salary, or $11,250, should be taxed to the wife and determined a refund in the amount of $1,007.13. In her return for 1929 the petitioner reported no part of her husband's salary as income. Upon audit of such return the respondent added the amount of $11,250 representing one half the husband's salary for the taxable year to petitioner's gross income, made other adjustments not now material here, and determined the deficiency under review.

The petitioner contends that the agreement of May 12, 1926, broke the community relationship which had theretofore existed between herself and her husband and that thereafter all income earned or otherwise received by either was separate property. To maintain this position her counsel argues that in California a husband and wife may enter into binding contracts with each other. This may be admitted without in anywise deciding or affecting the issue here. The contract in evidence does not specify that it is a full property settlement. After the transfers therein proposed were made there may have been left a considerable amount of community property. It contains no provisions that indicate the termination of the marital community. In it the wife nowhere waives her right to her vested interest in the salary of her husband under the laws of California as specifically set out in the Civil Code of California, 1931, at section 161 (a).[1] In *United States* v. *Malcolm*, 282 U.S. 792, the Supreme Court held that under such section the wife has an interest in community income which should be separately reported for income taxation.

Unless the agreement of May 12, 1926, destroyed the community, it is obvious that the respondent must prevail here. If it was intended to be a waiver of the wife's right to a vested interest in community income, it must be held that it is ineffective for that purpose, since

---

[1] Section 161. (a) *Interests in community property.* The respective interests of the husband and wife in community property during continuance of the marriage relations are present, existing and equal interests under the management and control of the husband as is provided in section 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property.

the Supreme Court has held, in *Lucas* v. *Earl*, 281 U.S. 111, that no anticipatory arrangement can be effective to shift tax liabilities in respect of community income. In the absence of any divorce petitioner and her husband constituted a marital community under the laws of California in 1929. If an interlocutory decree of divorce has been granted in California, the parties are still husband and wife until such decree becomes final, and if in the interim one dies the survivor has the same rights as if no such decree had been issued. *Estate of Leiter*, 164 Cal. 181; 128 Pac. 334; *Olson* v. *Superior Court*, 175 Cal. 250; 165 Pac. 706; *Brown* v. *Brown*, 170 Cal. 1; 147 Pac. 1168.

Since the agreement is not a waiver of community rights and the marital community in question survived through the taxable year, the determination of the respondent must be affirmed.

*Decision will be entered for the respondent.*