MURIEL OAKES AMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71811.   Promulgated April 26, 1934.

*L. L. Hamby, Esq.*, for the petitioner.
*D. H. Flagg, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN : The respondent determined deficiencies of $1,195.07 for 1930 and $1,445.48 for 1931, in petitioner's income tax.   She complains because respondent added to her taxable income half of her since-divorced husband's salary for each year as community income.   The facts are all stipulated, as follows:

1. On November 13, 1930, there was entered in the Superior Court of the State of California in and for the County of Los Angeles in a certain suit in that court entitled Helen Muriel Ames, plaintiff, vs. Robert Ames, defendant, No. D–89484, an interlocutory judgment, judging that the said plaintiff was entitled to a divorce from the said defendant, the said plaintiff being the same person as the petitioner herein.   The said interlocutory judgment contained such other provisions and orders as are set forth in a certified copy thereof attached hereto as Exhibit A.   [Omitted as unnecessary.]

2. On November 16, 1931, the aforesaid court in the aforesaid suit did, upon its own motion, adjudge that the plaintiff therein, who is the petitioner herein, be and she was thereby granted a final judgment of divorce from the defendant therein and that the bonds of matrimony between them be and the same was thereby dissolved; and the said court made such further or other orders as are set forth in a certified copy of its judgment attached hereto as Exhibit B. [Omitted as unnecessary.]

3. The aforesaid Robert Ames in his income tax return for the calendar year 1930 included within his gross income as salary the sum of $36,571.74, being the same sum one-half of which in the deficiency letter herein has been included by respondent in the gross income of petitioner.

4. On, to wit, the 9th of October, 1930, the aforesaid Robert Ames and your petitioner entered into a written agreement, a true copy of which is annexed hereto as Exhibit C.

5. For the calendar year 1931 up to the 16th of November thereof there was included within the gross income of the aforesaid Robert Ames the sum of $40,177.34 as salary, one-half of which the respondent has, in the deficiency letter herein, included within the gross income of petitioner.

6. Petitioner, in her income tax returns for each of the calendar years 1930 and 1931, did not include within her gross income any part of any salary earned or received by the aforesaid Robert Ames.

7. From January 1 to October 9, 1930, petitioner received no money from Robert Ames. From October 9, 1930 to December 31, 1930, petitioner received $3,045.33 from Robert Ames. During the calendar year 1931 petitioner received $4,526.82 from Robert Ames.

The agreement (Exhibit C) of October 9, 1930, provides for the separation thenceforth of community property between the parties.

The petitioner urges that because of the agreement any salary received by Robert Ames after October 9, 1930, was his separate property. She properly concedes in her reply brief that Ames' earnings prior to that date were community income, taxable one half to her, *United States* v. *Malcolm*, 282 U.S. 792. Since there is nothing in the record from which it could be determined how much of his 1930 earnings were received before October 9 and how much after, the Commissioner's determination for that year must be sustained on the evidence.

As to 1931, during which the separation agreement was operative and the divorce decree became absolutely effective November 16, it has already been held that such an agreement operates to relieve the wife from tax upon any part of the earnings of the husband. *Edith Page Skewes-Cox*, 29 B.T.A. 167; *Helen E. Grant*, 29 B.T.A. 760; Cf. *Edna Smart Sherman*, 29 B.T.A. 616. *A fortiori*, after the absolute divorce. Therefore petitioner's 1931 income includes no part of Robert Ames' earnings or salary, and the Commissioner's determination is to that extent reversed.

*Judgment will be entered under Rule 50.*