[Civ. No. 10281. Second Appellate District, Division One.—November 1, 1935.]

MARION CLARA KELLETT, Appellant, v. O. R. MARVEL, Administrator, etc., Respondent.

Marion Clara Kellett, *in pro. per.*, R. W. C. Friday, J. Paul Elliott and James R. Jaffray for Appellant.

Neil G. Locke for Respondent.

EDMONDS, J., *pro tem.*—This appeal concerns an order made in the divorce action (Superior Court No. D–57350), which is the principal case involved in another appeal between the same parties this day decided.█

An interlocutory decree of divorce which also adjudicated property rights of the parties was entered in November, 1927, and a final decree was entered in March, 1931. In February, 1934, appellant secured an order requiring her husband to show cause why he should not be required to pay certain sums as attorney's fees for prosecuting appeals from orders made after judgment, and for appellant's support. A hearing was had on March 7, 1934, at which time appellant's application was denied and a minute order made to that effect. On March 14th an order making recitals at length concerning the rights of the parties as fixed by the litigation up to that time and denying appellant any alimony or attorney's fees was signed and filed. This appeal is from the ruling on the motion. The notice of appeal recites that appellant appeals from each of the orders mentioned and also from an order asserted to have been made on April 16, 1934, denying appellant's motion for a new trial. No order such as the last described appears in the transcript.

█ Appellant's former husband died in November, 1934, and his representative has been substituted as respondent in this proceeding. It is now urged that the appeal must be dismissed by reason of the death of Mr. Kellett.

An action for divorce is a purely personal action. It does not survive the death of one of the parties. (*Kirschner* v. *Dietrich*, 110 Cal. 502 [42 Pac. 1064] ; *Begbie* v. *Begbie*, 128 Cal. 154 [60 Pac. 667, 49 L. R. A. 141] ; *Gloyd* v. *Superior Court*, 44 Cal. App. 39 [185 Pac. 995].) An application for alimony can be made only when the action for divorce is pending. (Sec. 137, Civ. Code.) "It is a collateral pro-

ceeding or episode within the action, authorized for a particular purpose, but dependent for its maintenance upon the existence of the action.'' (*Hite* v. *Hite*, 124 Cal. 389, 398 [57 Pac. 227, 71 Am. St. Rep. 82, 45 L. R. A. 793].) The appeal must, therefore, be dismissed, and it is so ordered.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 23, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.