LENA SUTIN, Plaintiff, *v.* HYMAN SUTIN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, September 28, 1942.

*Samuel B. Weingrad* for plaintiff.

*Meyer Jezer* for defendant.

Winter, J. The interlocutory judgment of the Superior Court of California awards plaintiff accumulated temporary alimony, counsel fees and costs in an amount fixed at $810, and also permanent alimony payable in future installments of $25 on the first of each month beginning with May, 1942. Of the latter, $125 has accumulated as of today and is due on the judgment. Plaintiff however is claiming in her summons here only the accruals up to the date of the commencement of this action.

The judgment in suit is final as to the vested right of the plaintiff to this alimony and is entitled to full faith and credit here. (*Sistare* v. *Sistare*, 218 U. S. 1; *Tenny* v. *Tenny*, 36 N. Y. S. 2d 704, 706; *Estate of Bell*, 153 Cal. 331; *Newell* v. *Superior Court*, 27 Cal. App. 343; *Olson* v. *Superior Court*, 175 Cal. 250.)

In opposition to plaintiff's motion for summary judgment defendant's affidavit alleges that he effected a " reconciliation of the plaintiff," that they "lived together as man and wife after the commencement of the suit," and that she " abandoned " it. Giving these words their face value, the facts upon which these conclusions are based were in existence at the time of the entry of the California judgment and were available to the defendant then. A relitigation of these issues is barred by the judgment. (*Tenny* v. *Tenny, supra; Acker* v. *Leland*, 109 N. Y. 5; *Jasper* v. *Rozinski*, 182 App. Div. 365; *Estate of Bell, supra; Bernhard* v. *Wall*, 184 Cal. 612; Civ. Code of Cal., §§ 111–121.)

Nor may the alleged reconciliation and the resumption of these parties' marital state be considered here in an attack on the finality of this judgment. The proper forum for that would seem to be the Superior Court of California and the proper time is one year after the entry of the interlocutory judgment, or April 27, 1943. However, apparently not even that court may refuse the entry of a final decree upon those grounds upon a statement of facts in being before the interlocutory judgment was entered. (*Gloyd* v. *Superior Court,* 44 Cal. App. 39; *Olson* v. *Superior Court, supra;* Civ. Code of Cal., §§ 131, 132.)

As a defense of accord and satisfaction, the allegations of defendant's affidavit are insufficient. His alleged transitory living with plaintiff as man and wife after her action was commenced, her " reconciliation effected by him," and her abandonment of her action, all of which was accompanied by some payment of money to her with rosy promises of future support and other plans for the future, all of this suggests vaguely some sort of an accord or plan between them. But it completely lacks the essential element of the satisfaction of such an accord, or any performance of it. The affidavit leaves it completely executory, and certainly not binding on the plaintiff as a satisfaction of her claim against him. (*Kromer* v. *Heim,* 75 N. Y. 574; *Reilly* v. *Barrett,* 220 N. Y. 170; *Matter of Campbell,* 256 App. Div. 693.)

Finally, defendant's affidavit is bare of any facts or circumstances from which it can be found that the plaintiff ever abandoned her divorce action against defendant, or ever voluntarily relinquished any rights acquired by the service of process on defendant and his appearance therein, or ever intended to. On the contrary it would rather seem that she did nothing of the kind, but refused to discontinue her action and promptly prosecuted it to an interlocutory judgment after the defendant had left the jurisdiction taking his money with him. (*Thornton* v. *Phelan,* 65 Cal. App. 480; *City of Los Angeles* v. *Abbott,* 129 Cal. App. 144.)

His affidavit is also bare of anything indicating a reconciliation between them. All there is on that subject is a sketchy arrangement between them for his departure for New York to seek employment, as a part of which arrangement " they lived together as man and wife," and he left the jurisdiction taking his money from banks in California. While this episode may vaguely suggest the preliminaries of a reconciliation, it is a far cry from the continuous and long cohabitation and deportment as man and wife that the California courts consider as an intentional resumption of the marital state. They believe that reconcilia-

tion is a state of mind which must have facts to support it established by considerable proof. (*Ruggles* v. *Bailey,* 15 Cal. App. 2d 555; *Keller* v. *Keller,* 122 Cal. App. 712; *Kronman* v. *Kronman,* 129 Cal. App. 10.) The Civil Code of California provides a full year between the interlocutory decree and the final judgment for a reconciliation to work. In *Olson* v. *Superior Court* (*supra,* 175 Cal. 250) the reconcilement was a product of five years of living together as man and wife. (See *Cary* v. *Cary,* 144 App. Div. 846.)

Defendant's affidavit ends on a cry that the " judgment was obtained by fraud of the plaintiff.'' Nothing is given to substantiate that conclusion. Like his other defenses, that also embodies the intentions of the plaintiff. It also necessarily requires some proof of the gullibility of the defendant. If there is anything definite about the defendant's affidavit, it is that there is not a scintilla of proof or a suggestion of any fraudulent intent on the plaintiff's part to put anything over on defendant. A mere cursory reading of his affidavit, however, forces an irresistible conclusion that with all the other characterizations of the plaintiff's actions and intentions and the complete silence on his own, the dupe here was the plaintiff instead of the defendant.

In my opinion the plaintiff is entitled to summary judgment in the amount of $810 fixed in the interlocutory judgment, together with the accruals of future alimony since April 27, 1942, up to the time of this opinion, or the sum of $125. This may be awarded to her in the judgment provided her summons and complaint is amended so as to properly call for that amount.