[Civ. No. 15063. Second Dist., Div. One. Mar. 7, 1946.]

LORAYNE VIOLET CUBBISON, Appellant, v. BEN CUBBISON, Respondent.

438

John A. Jorgenson for Appellant.

Parker, Stanbury & Reese and Harry D. Parker for Respondent.

DORAN, J.—A demurrer to the complaint in the within action was sustained without leave to amend and from the judgment that followed plaintiff appeals. [1] The only question raised is whether one spouse may sue the other for damages in tort. The plaintiff herein seeks to recover damages resulting from an automobile accident.

The complaint alleges in substance that plaintiff and defendant were husband and wife but had recently separated.

Appellant concedes that no case has been presented since the decision of the Supreme Court in *Peters* v. *Peters,* 156 Cal. 32 [103 P. 219, 23 L.R.A.N.S. 699], which denies the wife's right to maintain such an action. Appellant argues that,

"There is no such *express* declaration in any California statute, but there are cases in other jurisdictions in which this married woman's right has been affirmed though the local statutes make no such *express* declaration."

Respondent argues, on the other hand, that,

". . . More than thirty-six years ago the Supreme Court of this state held that if a spouse should be permitted by the laws of this state to sue the other spouse in a tort action, such change in our law should be made by the Legislature and not by the courts. No such legislation has ever been passed since that time nor has the decision in the case of *Peters* v. *Peters, supra,* ever been distinguished or criticized by the appellate courts of this state. In fact the doctrine therein enunciated has been so universally adopted as sound law that the citation of this decision does not even appear in Shepard's California Citations.

"Consequently there is no dispute as to what the established law of this state is on the question under discussion."

Although some jurisdictions may, at least in part, uphold appellant's contention, the weight of authority appears to

hold definitely to the contrary. The judgment therefore is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 29, 1946. Carter, J., voted for a hearing.