## METROPOLITAN FINANCE CORPORATION OF CALIFORNIA v. WOOD.
### No. 12003.

United States Court of Appeals
Ninth Circuit.
June 15, 1949.

Macfarlane, Schaefer & Haun, Henry Schaefer, Jr., Dexter D. Jones and William Gamble, Los Angeles, Cal., for appellant.

Waters, Arditto & Waters, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

The Metropolitan Finance Corporation of California, a foreign corporation doing business in California, sued in United States district court under diversity of citizenship privilege to recover from defendants, citizens of California, possession of an automobile valued at more than $3000.

This appeal is from a judgment of dismissal entered upon an order sustaining a motion to dismiss which was grounded upon the thesis that the district court was without jurisdiction to hear and de-

termine a controversy involving possessory rights in a res, which controversy was at the time in issue in a California state court case. The state court case was one for divorce filed by Everett S. Shipp against Elaine Shipp, one of the defendants herein, and alleged that there was no community property. Elaine Shipp cross-complained therein for separate maintenance and claimed that the automobile referred to above was community property of the parties in suit, but later amended her pleadings to claim that the automobile was her separate property. Disposition of community property is within the jurisdiction of the California state court in divorce actions. The state court enjoined Everett S. Shipp from interfering with Elaine Shipp's use of the automobile if she should gain lawful possession thereof.

Subsequent to the issuance of the order of dismissal and pending appeal and before the divorce and separate maintenance actions had come to judgment, Elaine Shipp died. Ellsworth Wood, one of the defendants herein but not a party to the state court action, alleged that he is the owner of the automobile to which reference has been made. Wood is an appellee in his own right and in his capacity as Executor of the Estate of Elaine Shipp, Deceased, having been substituted as appellee in the place of Elaine Shipp.[1]

Metropolitan Finance Corporation claimed and secured the delivery of the automobile to the United States Marshal by authority of California Code of Civil Procedure sections 509–521 and, no written undertaking having been filed with the Marshal within the statutory period, the Marshal delivered it to Metropolitan Finance Corporation. Cal.Code Civ.Proc. Sec. 514.

With the death of Elaine Shipp, the divorce and separate maintenance actions before the Superior Court of California abated,[2] and that court could not proceed to determine the status of property as between the parties, a matter incidental to the primary objective of the action, to-wit, dissolution of the marriage or permanent support. Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064.

The proper basis underlying the dismissal order appealed from is not strictly the lack of jurisdiction but amity between state and federal courts which is essential to harmonious and nonconflicting actions by courts of concurrent jurisdiction.[3] As between state and United States courts, the rule has been said to be nondiscretionary and one of necessitous comity. Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390; Gregg v. Winchester, 9 Cir., 173 F.2d 512. On the other hand, the Constitution of the United States gives appellant the right to seek relief in a federal tribunal by reason of diversity of citizenship of the parties. U.S.C.A.Constitution, Article III, Sec. 2, Par. 1. The judge-made necessity rule of comity does not abolish the jurisdiction; it impedes, only as a matter of judicial expediency, the taking of jurisdiction.

The action by the plaintiff-appellant in the instant case survives the death of Elaine Shipp, of course, as against Wood in his own right and as against Wood as Elaine Shipp's personal representative. (See note 1.) Cal.Code Civ.

---

[1] It may be noted that Wood's position is very questionable in that he is representing the estate's claim to the automobile as successor to Mrs. Shipp's interest and at the same time is claiming ownership in himself.

[2] Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064; Kellett v. Marvel, 9 Cal.App. 2d 629, 51 P.2d 185; Bevelle v. Bank of America Nat. Trust & Savings Ass'n, 80 Cal.App.2d 333, 181 P.2d 730; Hamilton v. Hamilton, 83 Cal.App.2d 771, 189 P.2d 722.

[3] Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Fischer v. American United Life Insurance Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444; Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605; Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256.

Proc. Sec. 385; Cal.Probate Code, Sec. 573.

■ If the rule of comity were one affecting the jurisdiction of a court, it would be necessary for us to decide whether the rule is applicable under the facts of this case. If applicable, the federal court case was never legally pending and therefore could not be given the status of a legally pending case by any devolution of the state court case. However, since comity, as we have seen, does not affect jurisdiction, and jurisdiction is in the federal court to entertain our case and the right of action survives and the state court case can no longer be maintained, all possible obstacle to the entertainment of our case by the United States district court has been swept away and any discussion of the situation that would now exist if the state case had not abated would be useless. We conclude that whether the district court was right in its dismissal of the case in its posture at the time of the ruling need not be decided,[4] and that the judgment appealed from must be and is,

Reversed.

---

[4] It is obvious by our discussion that in no case should the dismissal have been based upon lack of jurisdiction but rather, if the dismissal had been proper at all, it should have been based upon the conclusion that, under the doctrine of comity, the court should not have taken jurisdiction.