[Civ. No. 4258. Fourth Dist. Sept. 20, 1951.]

FRANCES PAULUS, Appellant, v. ROY ADELBERT BAUDER et al., Defendants; FRANK ALFRED PAULUS, Respondent.

Stephen C. Johnson and Hubert L. Rose for Appellant.

Gray, Cary, Ames & Driscoll and Ward W. Waddell, Jr., for Respondent.

GRIFFIN, Acting P. J.—Plaintiff and appellant sought damages for injuries received while riding as a guest or passenger in an automobile driven by defendant and respondent Frank A. Paulus, which automobile collided with another car driven by defendant Roy A. Bauder.

Judgment, on motion, was entered against appellant plaintiff and in favor of respondent defendant Frank A. Paulus, upon the theory that no cause of action exists in favor of one spouse against the other upon a claim arising out of a tort action. The Pauluses, after some years of married life, separated on August 27, 1949, and lived separate and apart. On October 3, 1949, appellant filed a complaint for divorce. On October 28, she secured an interlocutory decree. Neither alimony nor support money was sought. A final decree of divorce was entered on October 3, 1950, prior to the trial of this action. On February 13, 1950, after the entry of the interlocutory decree, respondent Paulus was operating his automobile, in which appellant was riding at the instance of respondent as a guest or passenger, on a road in San Diego County, and it collided with a car owned or driven by defendant Bauder. Appellant sustained injuries and damages alleged to be due to the negligence of both defendants.

Only two questions are presented on this appeal: (1) Can a wife maintain an action against the husband for a tort occurring after the entry of the interlocutory decree but before the entry of the final decree where the interlocutory decree settles their property rights and at the time of the trial they are single persons; (2) Can one spouse be a guest or passenger in the automobile of the other during the period after the interlocutory decree and before the final decree?

Appellant contends that these are first impression questions in California. Respondent argues that they are settled by the decisions in *Peters* v. *Peters,* 156 Cal. 32 [103 P. 219, 23 L.R.A.N.S. 699] ; and *Cubbison* v. *Cubbison,* 73 Cal.App. 2d 437 [166 P.2d 387], and appellant maintains they are not applicable. The Peters case involved an action by the husband against the wife for injuries inflicted upon him when the defendant wife shot him in the leg for no particular reason. They were living together at the time. There it was definitely held that ''an action cannot be maintained by one spouse against the other for a battery committed *during the continuance of the marriage relation.*'' (Italics ours.) And the court said:

''The question is entirely new in this state and such cases

are rare in other jurisdictions, but there is no case in favor of the right to maintain such an action. . . . By the common law, the husband and wife were deemed to be one person and no suit at law of any character could be maintained by one against the other. (Citing cases.) . . . It has been uniformly decided, in the few states where the question has arisen, that neither can sue the other, even after a divorce, for personal wrongs inflicted upon one by the other during the marriage." (Citing cases.) The court then concluded with the statement: "It would be a forced interpretation to attempt to discern . . . in any of the provisions of the Civil Code, an intent to make a departure from the common law so radical, and so opposed to its general policy, as the authorization of a suit by the husband or wife against the other for injuries to the person or character." The court there cites the language of *Abbott* v. *Abbott,* 67 Me. 304 [24 Am. Rep. 27], wherein it is said that the relation of marriage, while it continues, "so to speak, acts as a perpetually operating discharge of all wrongs between man and wife, committed by one upon the other."

The Cubbison case involved a suit by one spouse against the other arising out of an automobile accident. The husband and wife were separated at the time of the filing of the complaint. It was there held, citing the Peters case and the general rule, that one spouse may not sue the other for damages for tort.

Plaintiff argues that the entry of the interlocutory decree, which judgment was not appealed, determined the property rights of the parties and was a final judicial determination of the existence of the marital relation insofar as these rights were concerned, and that only the final dissolution of the marriage is suspended for a full year thereafter; that accordingly, appellant could maintain this action against her former husband since the entry of the interlocutory decree established a new property status between them, citing *Borg* v. *Borg,* 25 Cal.App.2d 25, 29 [76 P.2d 218]; *London G. & A. Co.* v. *Industrial Acc. Com.,* 181 Cal. 460, 465 [184 P. 864]; and *Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697].

The cases cited by appellant do not base the rule upon the existence or nonexistence of property rights or contractual relationship between the parties, but on the existence of the *marital relationship.* Concededly, the parties did occupy the relationship of husband and wife until the final decree was entered. The interlocutory decree did not sever the marital

bonds. (*Olson* v. *Superior Court*, 175 Cal. 250 [165 P. 706, 1 A.L.R. 1589]; *Brown* v. *Brown*, 170 Cal. 1 [147 P. 1168]; Civ. Code, § 131; *Remley* v. *Remley*, 49 Cal.App. 489 [193 P. 604].) Reconciliation and, accordingly, a destruction of the effect of the interlocutory decree before entry of the final decree is not uncommon. (*Rickards* v. *Noonan*, 40 Cal.App. 2d 266 [104 P.2d 839].) Many reasons could be advanced why one spouse should not be allowed to recover from the other for a tort committed prior to the final determination of the marital relationship.

It was said in the Cubbison case:

"More than thirty-six years ago the Supreme Court of this state held that if a spouse should be permitted by the laws of this state to sue the other spouse in a tort action, such change in our law should be made by the Legislature and not by the courts. No such legislation has ever been passed since that time nor has the decision in the case of *Peters* v. *Peters, supra,* ever been distinguished or criticized by the appellate courts of this state."

We see no reason to interfere with the judgment of the trial court in the instant case.

 Under this conclusion the question whether plaintiff was a passenger or a guest at the time is purely academic. The enactment of the guest statute did not have the effect of changing the rule above announced.

Judgment affirmed.

Mussell, J., concurred.