**Marcia W. SEAMAN, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 26736.**

United States Court of Appeals, Ninth Circuit.

April 20, 1973.

---

1. The trial court did strike two allegations of causes of action.

Wareham Seaman, Jr., Sacramento, Cal. (argued), Marcia W. Seaman, Atty., for petitioner-appellant.

Richard Farber (argued), Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Loring W. Post, Robert S. Watkins, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before ELY and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

WALLACE, Circuit Judge:

In the beginning of 1967, taxpayer, Marcia Seaman, was legally married. On March 22, 1967, she received an interlocutory decree of divorce according to then California law. The decree contained the following notice:

> This is not a judgment of divorce. The parties are still husband and wife, and will be such until a Final Judgment of Divorce is entered after one year from the date of service of copy of summons and complaint upon the defendant spouse.

She obtained a final judgment of divorce in 1968.

Taxpayer worked as a stenographer during 1967, the tax year in question. To facilitate her employment, she spent at least $900 for the daytime care of her two children. She filed an individual return for 1967 and took a $900 child-care deduction. The commissioner disallowed the deduction and the taxpayer filed a petition with the Tax Court for redetermination of the deficiency. After the court sustained the commissioner's determination, she appealed. We affirm.

In 1967, the applicable code section was 26 U.S.C. (Int.Rev.Code of 1954) § 214.[1] That section generally allowed a deduction for the expenses of child care necessary to allow the earning of income. In the case of a working wife, the deduction was available only if the spouses filed a joint return. Marcia Seaman and her husband did not file a joint return.

Thus she was not eligible for the deduction unless she could avail herself of one of the two exceptions contained in § 214(d)(5). One of these applied only if the woman had been deserted by her husband and she had not known his whereabouts at any time during the tax year. Marcia Seaman stipulated that she had known her husband's whereabouts and thus this exception was unavailable to her.

The other exception would have applied if Mrs. Seaman had been "legally separated from her spouse under a decree of divorce or of separate mainte-

---

* Honorable Robert J. Kelleher, United States District Judge, Los Angeles, California, sitting by designation.

1. The section was amended in 1971. Act of Dec. 10, 1971, Pub.L. No. 92–178, § 210(a), 85 Stat. 518. As amended, the section would now allow the deduction this taxpayer claimed for 1967. The amendment effected this change by adopting the definition found in Int.Rev.Code of 1954, § 143(b)(1).

nance at the close of the taxable year . . . ." § 214(d)(5)(A). Since the taxpayer does not argue that she was legally separated under a decree of separate maintenance, she must have had a "decree of divorce" to entitle her to the deduction.

In California, an interlocutory decree of divorce does not dissolve the marriage. Brown v. Brown, 170 Cal. 1, 147 P. 1168 (1915); Paulus v. Bauder, 106 Cal.App.2d 589, 235 P.2d 422 (1951). The dissolution only occurs upon entry of the final decree. Olson v. Superior Court, 175 Cal. 250, 165 P. 706 (1917). We have held that since a California interlocutory decree does not dissolve the marriage, the spouses are still married for federal tax purposes. Riddell v. Guggenheim, 281 F.2d 836, 842–843 (9th Cir. 1960); Commissioner v. Ostler, 237 F.2d 501 (9th Cir. 1956); United States v. Holcomb, 237 F.2d 502 (9th Cir. 1956). Although none of those cases construed section 214, the language in the various sections is virtually identical. In good conscience, we cannot distinguish them. As we see no compelling reason to depart from our prior decisions, we must hold that Marcia Seaman was not entitled to a child-care deduction for 1967.

Taxpayer argues that the leading case in this area, Eccles v. Commissioner, 19 T.C. 1049, aff'd, 208 F.2d 796 (4th Cir. 1953), was wrongly decided and that our cases, which relied upon *Eccles*, should be overruled. Although her arguments are impressive, they are more properly addressed to the Congress. Tax deductions are a matter of legislative grace. We noted in *Ostler* that "[i]f the rules on the tax consequences of interlocutory divorces are to be changed, it should be done by legislative action." 237 F.2d at 502. Our duty is to interpret the law, not to create it. Unfortunately, Congress did not modify the pertinent statute until after 1967,[2] to the disadvantage of Marcia Seaman.

Affirmed.

2. *See* n. 1, *supra.*