990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael ZEBULON, Plaintiff-Appellant,
v.
Tam TRAN, et al., Defendant-Appellee.
 No. 91-15459.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1993.*
Decided March 22, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Zebulon appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against his landlords Tam and Linda Tran, their attorney, Santa Rosa Municipal Court, the County of Sonoma and its employees for alleged violations of his federal due process rights in state court litigation. The district court declined jurisdiction because Zebulon had not exhausted his state court remedies inasmuch as his detainer proceeding was still pending.
 
 
 3
 An unlawful detainer action was brought against Zebulon in the Municipal Court of Sonoma County. On January 25, 1991, Zebulon filed a Motion to Quash Service of Five Day Summons and Complaint. The hearing date was set for February 11. On January 28, the municipal court granted an ex parte application by plaintiff landlords' counsel to shorten the time before hearing, setting the hearing date for January 29. At the hearing the municipal court denied Zebulon's Motion to Quash, ordered him to file a response by February 4, and set trial for February 25. On February 8, a default judgment was entered against Zebulon. On February 15, Zebulon asked the municipal court to set aside the default judgment. The municipal court agreed to set aside the judgment if Zebulon filed an answer by February 19. Zebulon failed to file an answer by February 19.
 
 
 4
 On February 19, Zebulon filed a 42 U.S.C. § 1983 complaint with the United States District Court claiming that the municipal court and others deprived him of his constitutional right of due process under the Fourteenth Amendment by advancing the date of the hearing on his Motion to Quash, by entering a default judgment after he had allegedly filed a Petition for Writ of Mandate with the superior court, by allegedly conditioning the setting aside of the default judgment on his waiving review of the denial of the Motion to Quash, as well as other pretrial remedies such as demurrer and summary judgment, and by forcing him to go to trial one week after the filing of an answer. Meanwhile, Zebulon also appealed the default judgment in state court where a hearing was set for July 23, 1991. The district court declined jurisdiction under the principles of comity stating that it "[would] not entertain plaintiff's § 1983 cause of action where federal adjudication of plaintiff's request for relief would interfere with ongoing state proceedings."
 
 
 5
 The United States Supreme Court has held that the "[p]rinciples of comity in our federal system require that the state courts be afforded the opportunity to perform their duty, which includes responding to attacks on state authority based on federal law." Webb v. Webb, 451 U.S. 493, 499 (1981).
 
 
 6
 In this case, Zebulon brought his constitutional claims against the municipal court to the federal district court while his appeal in the state court system was still pending. Under these circumstances it cannot be said that the state courts were given the "opportunity to perform their duty." Because Zebulon had not yet fairly presented his federal claim to the state courts the district court was required to decline jurisdiction. See Metro. Fin. Corp. v. Wood, 175 F.2d 209, 210 (9th Cir.1949) (rule of comity is nondiscretionary).
 
 
 7
 Because we find that the district court properly declined jurisdiction to hear Zebulon's complaint we need not reach the merits of his claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3