## ALFRED G. ALLEY *vs.* JOHN WINN.

Bristol. Oct. 25, 1882. — Jan. 9, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If a husband and wife live apart by mutual consent, the wife receiving a sum not sufficient for her support, and agreeing that she will release her dower in his land, thereafter support herself and make no claim upon him, he is not liable for necessaries furnished to her, she not having, after such arrangement between them, made any claim upon him for support, or offered to return to him.

CONTRACT for necessaries furnished to Susan B. Winn, the wife of the defendant, while living apart from him, from October 14, 1881, to February 7, 1882. At the trial in the Superior Court, before *Colburn*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. Brown*, for the defendant.

*H. M. Knowlton*, (*A. E. Perry* with him,) for the plaintiff.

DEVENS, J. At the trial, upon the evidence offered upon both sides, the court ruled that "the wife had no justifiable cause to leave her husband, and could not carry his credit with her on that account." To this ruling no objection was made, but, against the defendant's objection, the court also instructed the jury, that if the husband and wife were living separately and apart by mutual consent or his voluntary consent, and she had no means of support, and he had made no provision for her support, he would be liable to pay for articles furnished her which were necessaries, during such separation or living apart from each other. This is a correct statement of the law upon the facts embraced in the proposition, and to it the defendant has no just exception, if it was all that the case required.

It is to be considered whether there were other facts of importance appearing in the case which called for other or additional instructions, and whether these were called to the attention of the presiding judge by any proper request. Whether the wife left the husband originally with his consent or not, was in dispute; but it appeared that some time after such departure a proceeding had been brought by her for a separate maintenance;

and that an agreement was then made between the husband and wife, that, if he would pay her the sum of $300, she would release her dower, whenever requested by him, in any lands he might hold, and would make no further claim on him for support or any other cause; that this money had been paid, and that she with a surety had actually executed a bond to him conditioned that she would make no such claim. It did not appear that she had thereafter offered to return to her husband, or had made any claim upon him for support.

The defendant asked the court to rule, as matter of law, that the evidence did not show that they were living separately and apart by such mutual consent, or under such circumstances as would render him liable for her support during the period of her absence. The defendant also contended that, at the legal proceeding in 1875, he had provided for her support. While the attention of the presiding judge was drawn less distinctly than it should have been to the effect of the transaction into which the husband and wife had entered, or assumed to enter, at the termination of the proceeding by the wife for a separate maintenance, yet the request, in connection with this evidence, that the jury should be instructed that they were not living apart " by such mutual consent and under such circumstances " as would render the husband liable for her support, so far brought this matter to the consideration of the court, that, if the defendant was entitled to an instruction to this effect, based on the arrangement made by the two parties, he may properly ask a new trial.

In this view, the inquiry is presented whether, if a husband and wife live apart by mutual consent, the wife receiving a sum not sufficient for her support, but agreeing that she will release dower, thereafter support herself, and make no claim upon him, she so carries his credit with her that she may render him responsible for necessaries, not having, after such arrangement, made any claim for support, or offered to return.

The ground upon which a wife is entitled to pledge the credit of her husband is usually treated as depending upon the doctrine of agency. Sometimes this right results merely from its general principles. Where a wife is at the head of a household, and, acting as its mistress, orders the usual supplies, such as are

needed for its appropriate maintenance, or even the clothing of its younger members, who are taken care of by others, the ordinary reasons upon which it is held that any one who holds out another as authorized to contract for him is bound by the agreements thus made, would make the husband liable.

Beside this agency, which would be inferred from cohabitation, there is an agency on the part of the wife, resulting from the marital relation, which authorizes her to bind him even against his will. His consent in such case is conclusively implied by reason of this relation. As it is his duty to furnish her suitable support, if he fails to do so while she is residing with him, he is liable for necessaries suitable to her condition in life. *Dexter* v. *Booth*, 2 Allen, 559. *Raynes* v. *Bennett*, 114 Mass. 424. If he drives her from his house, or so conducts himself that she is justified in leaving by reason of his adultery, his violence or his cruelty, she carries his credit with her, so far as necessaries are concerned. If she lives apart from him by his consent, no condition or agreement being made that she shall support herself, she not having the means of support and no proper provision being made therefor by him, she carries his credit with her for necessaries. On the other hand, where the wife, without justifiable cause, abandons her husband, or where, as by reason of her adultery, he is justified in withdrawing from her society, she does not carry his credit with her.

These are familiar principles; but a class of cases is presented where the husband consents that the wife may live apart from him, upon the agreement that she will accept a certain sum for her support, and will thereafter maintain herself from her own means or by her own exertions. The law applicable to such cases should have been considered in the instructions in the case at bar. The transaction, by which the suit brought by the wife was determined, was not a mere settlement of a lawsuit, but an agreement between the two parties that, on the payment of a certain sum, the wife would thereafter make no further claim upon him for support, or for any cause whatever. While made by attorney on either side, the right of the attorney to make it was not questioned. It was accompanied by a bond, with surety, made by the wife to the husband, conditioned to perform this agreement. The account for necessaries furnished the wife was

incurred several years after this transaction, and she had never returned or offered to return to the husband, or called on him for support.

The effect of a transaction such as this does not appear to have been discussed in any Massachusetts case. It differs from those where it has only appeared that the wife has lived apart by consent of her husband, no proper provision being made for her support, in this, that the dwelling apart was here accompanied by an agreement that she would support herself and would no longer make any claim upon the husband. We assume that the sum of $300 was not a sufficient permanent provision for her. Certainly it might properly have been held insufficient by any jury.

In *Biffin* v. *Bignell*, 7 H. & N. 877, it was held that, where a husband and wife agreed to live apart, the wife agreeing to accept an inadequate provision for her support, and then to maintain herself, the consent of the husband must be deemed a conditional one; that, if the condition were not performed, she could not be held to be living apart with his consent; and that he could not be charged with her expenses for necessaries, in the absence of any offer by her to return, or any request by her for support under his own roof.

In *Eastland* v. *Burchell*, 3 Q. B. D. 432, it was held that, where a husband and wife had arranged for a separation, and a provision was made for the wife which was insufficient, but which she consented to accept, agreeing to make thereafter no claim upon the husband for support, the husband was not liable for bills incurred by her for necessaries. Mr. Justice Lush remarked: " Where the parties separate by mutual consent, they may make their own terms; and, so long as they continue the separation, the terms are binding on both." " She cannot avail herself of her husband's consent to the separation, which alone justifies her in living apart from him, and repudiate the conditions upon which that consent was given." Whatever may have been the original separation of the parties in the case at bar, whether by mutual consent or by an abandonment by the wife, whether justifiable or otherwise, yet from the time the agreement was entered into by them, the husband paying the money agreed upon in connection therewith, and the bond having been given

upon the one side and accepted upon the other, they were living apart upon these terms, to which they had mutually assented. The consent of the husband to this thereafter was based upon the performance by her of her agreement to support herself, and the authorities above cited directly apply. They rest upon the satisfactory reason, that the consent of the husband that the wife shall live apart from him, upon the agreement and condition that she shall support herself, is dependent upon the performance of the condition; and that, failing to perform, she cannot contend, nor can it be contended on her behalf by those who furnish her supplies, that she carries in her absence her husband's credit with her, unless at least she has offered to return to him and the offer has been refused.

In order to avoid misunderstanding, it is perhaps proper to add that we do not here intend to intimate that an agreement by the wife to release her dower, such as was here made, could be enforced, or that the husband could, by an agreement of the wife that she would support herself, exonerate himself from his duty in that matter, should she offer to return to him. No such propositions are before us. We decide only, that, where his consent that she shall live apart from him is based upon her agreement that she shall support herself, it cannot be held to exist when she does not perform the condition, and she is not by such consent, by any implication of law, authorized to pledge his credit for her support.

The instructions given were defective, in failing to call attention to the circumstances under which the husband and wife lived apart, and to the agreement they had made.

*Exceptions sustained.*