FREEBORN D. J. BARNEY *vs.* LEUTELLA H. TOURTELLOTTE.

Worcester. Oct. 1. — Nov. 5, 1884. C. ALLEN & COLBURN, JJ., absent.

A decree of the Probate Court, under the Pub. Sts. c. 147, § 33, that a wife is living separate and apart from her husband for justifiable cause, is not competent evidence, in an action against the husband by a third person for the board of his wife and child, that the wife was living apart from her husband for justifiable cause, although the same cause which was the basis of the decree continued during all the time such board was furnished.

MORTON, C. J. This is an action to recover for the board of the defendant's wife and child. The plaintiff contended that the wife was living apart from her husband for justifiable cause;

and, to prove this fact, put in evidence a decree of the Probate Court of Worcester county, rendered on July 1, 1882, upon the petition of the wife, under the Pub. Sts. *c.* 147, § 33, which decree has not been revoked. This decree was, that, " it appearing that the said Ida H. Tourtellotte is living separate and apart from the said Leutella H. Tourtellotte for justifiable cause, it is hereby ordered, adjudged, and decreed that the said respondent impose no restraint upon the person of the petitioner, and that the custody of the said Ethel L. Tourtellotte be decreed to the petitioner till the further order of the court." No other evidence was put in by the plaintiff; and the court ruled that said " decree was admissible and conclusive in this action as showing that said defendant's wife was living apart from him for justifiable cause during all the time for which the plaintiff claimed in this action to recover for her support, it being admitted by the defendant that said decree embraced and covered all that time." We understand the last clause of the ruling to mean that the same cause which was the basis of the decree of the Probate Court continued during all the time covered by the plaintiff's claim.

The principal and decisive question presented by the bill of exceptions is, whether the decree of the Probate Court was, as against the defendant in this case, evidence that, at the time it was rendered, the wife was living apart from her husband for justifiable cause.

It is the general rule that a judgment in one suit is not evidence in another suit, unless the same parties or their privies are, in both suits, litigating in regard to the same subject of controversy. The plaintiff in this suit was not a party, or privy to any party, in the proceedings before the Probate Court. If that court had adjudicated that the wife was not living apart from the husband for justifiable cause, and dismissed her petition, that decree would clearly not be evidence in favor of the husband against this plaintiff. *Burlen* v. *Shannon*, 3 Gray, 387. *Hubert* v. *Fera*, 99 Mass. 198. And the plaintiff cannot avail himself of the decree as evidence against the defendant. As between the plaintiff and the defendant, the question whether the wife had justifiable cause for separating from her husband is *res integra*, which has never before been litigated or decided. *Gill* v. *Read*, 5 R. I. 343.

But the plaintiff contends that this rule does not apply, because the decree of the Probate Court is a judgment determining the status of the parties, and therefore, like a judgment *in rem*, is evidence against all the world. Undoubtedly, a decree of a competent court granting a divorce, or annulling or affirming a marriage, is a judgment directly determining the status of the parties, and is binding upon all persons. In considering this subject, Chief Justice Shaw says, " The legal, social relation and condition of the parties, as being husband and wife or otherwise, divorced or otherwise, is what we understand by the term status." *Burlen* v. *Shannon, ubi supra.* The status of marriage is one of the domestic relations ; if a suit is brought between the parties to it, for the purpose of determining the existence or continuance of this status, the judgment establishes the legal position of the parties as to. the rest of the community, and, upon considerations of public policy, is held to be binding upon all the world. But the rule does not extend to judgments which merely affect the rights of property, or of the person, or other incidents of the status.

The statute provides that, when a wife is in fact living apart from her husband for any justifiable cause, the Probate Court may, upon petition of the wife, prohibit the husband from imposing any restraint on her personal liberty, and may make such orders as it deems expedient regarding the support of the wife and the custody of the children. Pub. Sts. c. 147, § 33. This was designed for the protection of the wife while she remained in the status of a married woman. It does not give the Probate Court the right to decree a judicial separation, and thus to create a new status of the parties. The only judicial separation known to our laws was that created by a divorce *a mensa et thoro* under our old practice. Such a divorce suspended the marriage status, and created a new relation between the parties of a fixed and permanent character, which could only be terminated by the mutual consent of both parties, or by a subsequent decree making the divorce a divorce *a vinculo.* A decree under this statute has not the elements of a judicial separation. It does not suspend the marriage status ; it affects to a limited extent the rights and duties of the parties, but they remain in the marriage status as before, with all the rights and duties of husband and wife, except

so far as they are modified by the decree; it does not authorize the wife to live permanently apart from her husband, nor establish a relation which she has a right to maintain until she consents to change it; if her husband removes the cause of the separation, it would be her duty to return to him, and it would be the duty of the court to revoke its decree. It recognizes the fact that she is living apart from her husband, adjudicates that she has justifiable cause, and provides for her protection and support while so living; but it cannot be said to create or determine a new status of the parties within the sense in which the term status is used in the law.

We are therefore of opinion that the decree of the Probate Court is not competent evidence in this case.

*New trial ordered.*

*T. G. Kent,* for the defendant.
*F. A. Gaskill,* for the plaintiff.