MALDEN HOSPITAL *vs.* WILLIAM H. MURDOCK.

Suffolk. March 10, 1914. — May 23, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Husband and Wife,* Separate support. *Contract,* Implied.

No action can be maintained by a third person against a husband for the value of necessaries furnished to his wife who is living apart from him by mutual consent, if, before the necessaries were furnished, the Probate Court, on a petition by the wife under R. L. c. 153, § 33, had ordered the husband to pay a certain sum to the wife periodically for her support and that order remained in force and was complied with by the husband.

CONTRACT upon an account annexed for $116.20 for board and care and the amount paid to a special nurse for the defendant's wife. Writ in the Municipal Court of the City of Boston dated February 1, 1913.

In the Municipal Court the case was heard by *Bolster,* C. J. He filed a memorandum containing findings and rulings in substance as follows:

Since October 7, 1896, the defendant's wife had lived apart from him by mutual consent, neither party desiring or being willing to resume marital relations. In November, 1896, she filed in the Probate Court a petition for separate support. At the time of the trial of this action, no adjudication had been had on that petition, which was still pending. Interlocutory orders had been made and complied with for increasing weekly payments, $10 weekly since 1902.

In 1899 certain back bills were paid by the defendant and a stipulation was made, which provided in substance that, in view of a decree of the Probate Court, then in force, that the defendant should pay his wife $7 a week for her separate support and that he should pay $173 for some extraordinary bills contracted by her, it was "agreed that no demand shall be hereafter made upon said William for the payment, nor shall he be required or expected to pay weekly more than the $7 per week as decreed, under any circumstances, unless said decree shall be modified by the court, or for any indebtedness of or bills contracted by said Mary, unless the occasion for incurring such indebtedness and the reasons therefor are, before the same are incurred or contracted, fully stated and explained to said William, and an opportunity given him to express his views thereupon, and reasons, if any, against the same."

In 1911, being ill and advised to undergo an operation, the wife sent notice of the situation to the defendant, who refused to become responsible.

The expenditures set out in the account annexed were necessary to the defendant's wife's prolonged health, and the amount was proportionate to his means and situation in life. The weekly allowance ordered by the Probate Court was adequate for her ordinary living expenses, but was inadequate for such unusual and extraordinary expense as the surgical operation.

On June 15, 1912, the wife filed a petition in the Probate Court, asking that the defendant be required to pay bills incurred in connection with the operation, amounting to $551.42, which included the items in the declaration in this case.

The defendant asked for the following ruling: "33. The pendency of the petition for the allowance of this claim in favor of the plaintiff by the Probate Court, is a good defense to the present action."

The ruling was refused. There was a finding for the defendant, and the case was reported to the Appellate Division, who dismissed the report. The plaintiff appealed.

The case was submitted on briefs.

*M. Coggan,* for the plaintiff.

*J. H. Butler & C. H. Waterman,* for the defendant.

SHELDON, J. The plaintiff relies upon the well settled doctrine

that where a wife is living apart from her husband with his consent and without provision having been made for her support, she carries with her his credit, and he is liable for necessaries furnished to her by third persons. *Sturbridge* v. *Franklin*, 160 Mass. 149. *Mayhew* v. *Thayer*, 8 Gray, 172, 175. But besides the right of pledging his credit for her support she may by petition filed in the Probate Court obtain against him an order or decree, under which he will be obliged to pay to her for her support such sums at such intervals as that court may find to be reasonably necessary for that purpose. R. L. c. 153, § 33. *McIlroy* v. *McIlroy*, 208 Mass. 458. And she may enforce such payment, if necessary, by appropriate legal process. R. L. c. 153, § 35; c. 152, § 29. Manifestly, when she has availed herself of this remedy and has obtained a decree obliging him to pay to her such sums as it has been adjudged are the amounts for which he should be held, it no longer is true that provision has not been made for her support, and the ground for action by third persons against her husband no longer exists. This view is confirmed by the fact that the statute provides that an order for the support of the wife may be made upon the application of the husband as well as upon that of the wife; and the purpose of an application by the husband ordinarily would be to relieve himself from a multiplicity of suits by third persons for necessaries furnished to his wife and to have the total amount of his liability determined in one proceeding. Accordingly it was held under an earlier act (St. 1874, c. 205), now incorporated into R. L. c. 153, § 33, that a father was not liable for the support of his minor child after its custody had been given to its mother by a decree of the court, which had jurisdiction to determine both the question of its custody and what provision, if any, should be made for its support. *Brow* v. *Brightman*, 136 Mass. 187.

In this case it appeared that upon the wife's petition orders had been made by the Probate Court for the payment by the defendant of a fixed weekly sum to his wife for her support. The latest one of these orders still is in force and has been complied with by him. It follows that, although she is living apart from him by his consent, provision has been made for her support, and this action cannot be maintained. *Alley* v. *Winn*, 134 Mass. 77. *Bailey* v. *Dillon*, 186 Mass. 244. Our decision does not rest upon the stipulation filed in the Probate Court. The court took no action

upon that stipulation, and it stands merely as an agreement between husband and wife. *Silverman* v. *Silverman,* 140 Mass. 560. Nor have we considered the refusal of the Chief Justice of the Municipal Court to rule that "the pendency of the petition for the allowance of this claim of the plaintiff by the Probate Court, is a good defense to the present action." That request did not refer to the proceedings in the Probate Court which we have discussed, but to a later petition by the wife that the defendant be ordered to pay to her a sum of money which included the amount now sued for. The Probate Court has taken no action upon that petition, and its effect need not be determined.

The order dismissing the report must be

*Affirmed.*