JOSEPHINE DEMARZO *vs.* BENJAMIN VENA.

Suffolk.    November 3, 1952. — April 3, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Husband and Wife,* Living apart, Necessaries, Funeral expenses.

A decree of a Probate Court under either § 32, as amended, or § 36 of G. L. (Ter. Ed.) c. 209, adjudicating that a husband is living apart from his wife for justifiable cause, even without any order for her support, is a judgment in rem so affecting the marriage status as to afford the husband a defence against claims of a third person for necessaries thereafter furnished to the wife and for the expenses of her funeral.

CONTRACT.    Writ in the Superior Court dated October 2, 1950.

The defendant alleged an exception to an order by *Hudson,* J.

*Edward J. Barshak,* for the defendant.

*Samuel Meline,* (*Joseph A. Furnari* with him,) for the plaintiff.

COUNIHAN, J.    In this action of contract the plaintiff seeks to recover on an account annexed for board, expenses of the last illness of Maria C. Vena, the deceased wife of the defendant, and funeral expenses of said Maria C. Vena. In the last paragraph of his answer the defendant sets out the following: "And further answering the defendant says that he was living apart from his wife for justifiable cause under a decree of the Probate Court in and for the county of Suffolk, No. 290818."

Before trial, on the plaintiff's motion to expunge, a judge, after hearing, entered this order, "The last paragraph of the defendant's answer is hereby expunged," and the defendant took an exception. This exception is the only matter before us.

Subsequently the action was tried to a jury who found for the plaintiff for the expenses of the last illness and the funeral. The bill of exceptions embodies only the pleadings, the motion to expunge, and the judge's order thereon.

General Laws (Ter. Ed.) c. 231, § 28, governs answers in avoidance of an action. It provides, "An answer shall state clearly and precisely each substantive fact intended to be relied upon in avoidance of the action . . .." See also § 27. The obvious purpose of pleading the decree of the Probate Court in case No. 290818 in that part of the answer which was expunged was to avoid the plaintiff's claim of liability of the defendant for necessaries supplied to and for the funeral of his wife.

The issue therefore is related to the pleadings only. If the terms of the decree referred to would constitute a defence to the action, that part of the answer relating to the decree should not have been expunged. If otherwise, there was no error in the action of the judge.

The conclusion as to the issue here presented depends upon whether the language in that part of the answer which was expunged does in some form of words state a defence to this action. "It is not enough that the defence be suggested or hinted at, or even that the plaintiff be reasonably caused to expect that it will be asserted. The defence is not pleaded unless the words of the answer can be found to include in some form all that need be shown to defeat the action." *Lewis* v. *Russell,* 304 Mass. 41, 44. *Nicholson* v. *American Hide & Leather Co.* 307 Mass. 456, 460.

There was error in the action of the judge.

Statutes providing for decrees establishing the obligations and rights of a husband arising out of marital differences, outside of divorce proceedings, are to be found in G. L.

(Ter. Ed.)ʾ c. 209, § 32, as amended by St. 1938, c. 136,[1] and § 36.[2]

Section 32 among other things provides that if a husband is deserted by his wife, or if he is actually living apart from her for justifiable cause, the Probate Court may upon his petition prohibit the wife from imposing any restraint upon his personal liberty until further order of the court and may make orders relative to the support of his wife. The court may revise and alter any order from time to time as circumstances may require.

Section 36 provides that a Probate Court may enter a decree that the husband has been deserted by his wife or that he is living apart from her for justifiable cause. It has other provisions permitting him to convey his real estate as if sole, and to leave a will disposing of his property to the complete exclusion of his wife. No provision is made in § 36 for an order for support of his wife by a husband and no provision is made for revising or altering such decree.

---

[1] "If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband, or if the husband is deserted by the wife, or is actually living apart from his wife for justifiable cause, the probate court may, upon his or her petition, or if he or she is insane, upon the petition of the guardian or next friend, prohibit the husband or wife from imposing any restraint on the personal liberty of the other during such time as the court shall by its order direct or until the further order of the court thereon; and, upon the application of the husband or wife or of the guardian of either, the court may make further orders relative to the support of the wife and the care, custody and maintenance of their minor children, may determine with which of their parents the children or any of them shall remain and may, from time to time, upon a similar application, revise and alter such order or make a new order or decree, as the circumstances of the parents or the benefit of the children may require. Upon request by the court, state police, local police or probation officers shall make an investigation in relation to any proceedings hereunder and report to the court. Every such report shall be in writing and shall become part of the records of such proceedings."

[2] "A probate court may upon petition of a husband or, if he is insane, of his guardian or next friend, enter a decree that said husband has been deserted by his wife or that he is living apart from her for justifiable cause, and he may thereafter convey his real estate in·the same manner and with the same effect· as if he were sole; and the surviving wife shall not be entitled under section fifteen of chapter one hundred and ninety-one to waive the provisions of a will made by him or to claim such portion of his estate as she would take if he had died intestate, nor shall she be entitled upon his death, if heʾ leaves a will, to dower in his estate, as provided in section one of chapter one hundred and eighty-nine. Section seventeen of chapter two hundred and eight shall apply to proceedings upon such petition, so far as applicable."

The defendant contends in his brief that the decree relied upon was one entered under § 36, and the plaintiff in her brief by implication agrees. The plaintiff further admits that if the decree was one entered under § 32 with an order for support of the wife, it afforded a defence to this action.

In view of these statutory provisions, however, we are of opinion that the question for our determination is whether a decree under either of these sections of c. 209 even without an order for support affords a defence to this action.

In *McIlroy* v. *McIlroy*, 208 Mass. 458, at page 464, in considering a decree under R. L. c. 153, § 33, a forerunner of § 32, this court said, "The statute expressly provides that the court after having made its order, 'may from time to time' upon application of either party 'revise or alter such order or make a new order or decree' as circumstances require. The manifest intention of the Legislature was that the order should not be vague and indefinite in its duration, liable to be abrogated or annulled by the mere act of the parties, and to be upheld or overthrown as parol evidence might establish or fail to establish conduct of the parties more or less inconsistent with the grounds upon which it was based, but that the order once made should continue in force until revised or altered by the court itself . . . .." A fortiori a decree under § 36 stands until revoked, no provision being made in § 36 for any revision or alteration of it.

We are of opinion that if, when the debt which is the basis of this action was incurred, the defendant was living apart from his wife for justifiable cause because of a decree entered under either § 32 or § 36, he had a defence to this action, and that the judge was wrong in expunging that part of the answer which set up such a defence.

Even under the common law if he was living apart from his wife for justifiable cause or if she had deserted him, he would have had a defence in an action similar to the case at bar, for this court said in *Alley* v. *Winn*, 134 Mass. 77, at page 79, "where the wife, without justifiable cause, aban-

dons her husband, or where . . . he is justified in with-
drawing from her society, she does not carry his credit with
her." And again in *Foss* v. *Hartwell*, 168 Mass. 66, at page
67, it was said, "Under some circumstances, where a man
and wife are living apart, it may be that the man may be
liable for the wife's support . . . . This is undoubtedly true
where the wife leaves for a justifiable cause . . . . *But he
is not so liable where she leaves without justifiable cause*"
(emphasis supplied).

*Malden Hospital* v. *Murdock*, 218 Mass. 73, is a case in
which a third party was suing a husband for necessaries
furnished his wife who was living apart from him after a
decree under a statute similar to § 32. At pages 74–75 it
was said, "The plaintiff relies upon the well settled doctrine
that where a wife is living apart from her husband with his
consent and without provision having been made for her
support, she carries with her his credit, and he is liable for
necessaries furnished to her by third persons. . . . But
besides the right of pledging his credit for her support she
may by petition filed in the Probate Court obtain against
him an order or decree . . . for her support . . . . Mani-
festly, when she has availed herself of this remedy . . . it
no longer is true that provision has not been made for her
support, and the ground for action by third persons against
her husband no longer exists. This view is confirmed by the
fact that the statute provides that an order for the support of
the wife may be made upon the application of the husband as
well as upon that of the wife; and the purpose of an applica-
tion by the husband *ordinarily would be to relieve himself from
a multiplicity of suits by third persons for necessaries furnished
to his wife and to have the total amount of his liability determined
in one proceeding*" (emphasis supplied). If no order for her
support is made or if the amount of money awarded for her
support under § 32 is inadequate her obvious remedy is to
apply to the court for a modification of the decree.

*Welker* v. *Welker*, 325 Mass. 738, is a case arising out of
an appeal by a wife from a decree entered upon a petition of
her husband under § 32. In passing upon that appeal this

court also considered the effect of a decree under § 36. At page 741 this court said, "The petitioner was seeking a determination of his status as a deserted husband and to secure whatever advantages might arise from an adjudication that he was living apart . . . [from his wife] for justifiable cause. . . . While one of the principal purposes of the statute is to compel a husband to furnish support to his abandoned wife . . . it also furnishes a method by which either the husband or the wife may secure an adjudication as to his or her status as an abandoned husband or wife, as the case may be . . . and, *in the case of the husband, freedom from the claims of creditors for debts incurred by her after the separation*" (emphasis supplied).

We believe that although, after a decree under § 32 or § 36, the parties still remain husband and wife, the incidents which constitute the marriage are so changed that the relationship which remains is substantially different from that ordinarily indicated by the term marriage. The husband's duty to support the wife is either terminated altogether or limited by the terms of such a decree. It was recently said in *Wiley* v. *Wiley*, 328 Mass. 348, at page 349, a case arising out of § 32, "But the scope of the statute and the prayers of the petition go beyond the matter of a decree in personam for money payments. They comprehend a modification of the incidents of the status of marriage." See *Brow* v. *Brightman*, 136 Mass. 187; *Baldwin* v. *Foster*, 138 Mass. 449; *Malden Hospital* v. *Murdock*, 218 Mass. 73; *Welker* v. *Welker*, 325 Mass. 738. We are of opinion that a decree under either § 32 or § 36 is in effect a judgment in rem which is binding upon all the world.

The plaintiff here relies upon *Barney* v. *Tourtellotte*, 138 Mass. 106, to support her contention that either a decree under § 32 without an order for support or a decree under § 36 was of no effect and therefore not admissible. In so far as anything is said in that case which seems inconsistent with the position here taken we do not feel compelled to follow it.

It is true that that case has been cited and quoted from

a number of times[1] but not as we think for propositions inconsistent with the present decision. It is to be noted that all of the cases which cite it or quote from it, except one which we shall hereafter mention, apparently arose out of controversies between parties who were the same as the parties in the suits in which the decrees considered were entered.

Moreover the *Barney* case seems hardly consistent with *Brow* v. *Brightman*, 136 Mass. 187, decided by the same court not many months before. See *Baldwin* v. *Foster*, 138 Mass. 449. It is difficult if at all possible to reconcile what was said in the *Barney* case as to status with what was said in *Malden Hospital* v. *Murdock*, 218 Mass. 73, *Welker* v. *Welker*, 325 Mass. 738, and *Wiley* v. *Wiley*, 328 Mass. 348, all of which cases seem to treat a decree under § 32 or § 36 as modifying the marital status or creating a new status and therefore appearing to be a decree in rem.

The case of *Stricker* v. *Scott*, 283 Mass. 12, which is the exception mentioned above, is distinguishable for there in an action for alienation of affections by a husband against a third party a decree dismissing the wife's petition for separate support was excluded. The court said at page 14, "The facts of the petition and of the trial were in evidence. The decree itself did not bear upon the conjugal attitude of each to the other." While the *Barney* case was cited, the decree referred to in the *Barney* case was plainly different from the decree sought to be introduced in the *Stricker* case because the decree in the latter case was one denying the wife's petition for separate support. Such a decree manifestly could not be considered as in any way altering or modifying the marital status.

It necessarily follows from what we have said that the decree referred to in that part of the answer which was expunged stated a defence to the claims of the plaintiff.

*Exceptions sustained.*

---

[1] *Doole* v. *Doole*, 144 Mass. 278. *Gifford* v. *Gifford*, 244 Mass. 302. *Stricker* v. *Scott*, 283 Mass. 12. *Slavinsky* v. *Slavinsky*, 287 Mass. 28. *Dunnington* v. *Dunnington*, 324 Mass. 610. *Jelly* v. *Jelly*, 327 Mass. 706.