**William M. BOYER**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 83–1522.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 10, 1984.

Decided April 10, 1984.

Stanley S. Shaw, Jr., Atty., Dept. of Justice, Washington, D.C., of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Glenn L. Archer, Jr., Asst. Atty. Gen., and Michael L. Paup, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellant. ·

William M. Boyer filed a brief pro se for appellee.

Before WRIGHT and SCALIA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the court PER CURIAM.

**PER CURIAM:**

In our judgment, the sole issue in this case is whether a temporary order for support under Section 32 of Chapter 209 of the Massachusetts laws, Mass.Gen.Laws Ann. ch. 209, § 32 (West 1976), effects a legal separation between husband and wife "under a decree of * * * separate maintenance" for federal income tax purposes, *see* Internal Revenue Code (IRC) § 153, 26 U.S.C. § 153 (1982), and thereby allows a taxpayer to claim a marital status of "single." The Tax Court held that such an order under Section 32 entitled taxpayer William M. Boyer to claim a marital status of single for 1976. He was thus found eligible to claim for that year the 50 percent maximum tax rate on earned income in IRC § 1348, 26 U.S.C. § 1348 (1976), *repealed by* Section 101(c)(1) of the Economic Recovery Tax Act of 1981, Pub.L. No. 97–34, 95 STAT. 172 (1981). *See Boyer v. Commissioner,* 79 T.C. 143 (1982), Appendix (App.) 4. We reverse.

## I. BACKGROUND

When 1976 began William and Marjorie Boyer were husband and wife, domiciled together in Lynnfield Township, Essex County, Massachusetts. On April 13, 1976 William Boyer filed for divorce in the Probate Court of Essex County on the ground of irretrievable breakdown in the marriage. He filed under Chapter 208 of the Massachusetts laws, which governs divorce proceedings. *See* Complaint for Divorce, App. 31. On April 23, 1976 Marjorie Boyer filed in the Probate Court a complaint for separate maintenance under Chapter 209.[1] The complaint alleged that the Boyers lived apart because William was guilty of cruel and inhumane treatment against Marjorie. She requested that the court prohibit William from restraining her liberty, order William to pay suitable support, and establish that she had justifiable cause for living apart from him. *See* Complaint for Separate Maintenance, App. 34. On May 3, 1976 Marjorie moved for an order for temporary support and for a temporary restraining order prohibiting William from restraining her liberty and from entering the former marital domicile. *See* Motion for Temporary Support, App. 35; Motion for Temporary Restraining Order, App. 36. On May 6, 1976 the court granted the relief requested in the May 3rd motions "pending a hearing on the merits or until further order of the Court * * *." *See* Temporary Order, App. 37 (herein referred to as "May 6th order"). The court did not, however, decide whether Marjorie had justifiable cause to live apart from William. Two years later, on July 18, 1978, Marjorie, in a separate divorce action, received a decree of divorce *nisi.* By its terms this decree was to become final six months after issuance, but Marjorie later moved (for undisclosed reasons) that the decree not be made final.

Taxpayer William Boyer elected the marital status of "single" when he filed his 1976 tax return. The primary tax consequence of Boyer's claimed "single" status involved the applicability of the 50 percent maximum tax on earned income in effect

---

**1.** Section 32 of Chapter 209 provided in relevant portion during 1976:

> If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife has justifiable cause for living apart from her husband, or if the husband is deserted by his wife or has justifiable cause for living apart from his wife, whether or not he or she is actually living apart, the probate court may, upon his or her complaint, or if he or she is incompetent due to mental illness or mental retardation upon complaint of the guardian or next friend, prohibit the husband or wife from imposing any restraint on the personal liberty of the other during such time as the court by its order may direct or until further order of the court thereon and upon the complaint of any such party or guardian of a minor made in accordance with the Massachusetts Rules of Civil Procedure the court may make further orders relative to the support of the wife and the care, custody and maintenance of their minor children, may determine with which of their parents the children or any of them shall remain and may, from time to time, upon similar complaint revise and alter such judgment or make a new order or judgment as the circumstances of the parents or the benefit of the children may require.

Mass.Gen.Laws Ann. ch. 209, § 32 (West 1976).

for tax year 1976 according to the provisions of former Section 1348 of the IRC. The benefit of the 50 percent maximum rate was available to individuals who filed as single and to married persons who filed joint returns. Congress required married persons to file a joint return to prevent manipulation of the maximum tax. *See* H.R.Rep. No. 91–413, Pt. 1, 91st Cong., 1st Sess. 209 (1969). Application of the 50 percent maximum tax meant a saving for William Boyer of $48,997.19 in 1976 as compared to what he would have paid if ineligible for the maximum tax.

The Internal Revenue Service contested Boyer's claim of eligibility for the 50 percent maximum tax on the ground that Boyer was not "single" for tax purposes in 1976. Because Boyer could not file as "single" and did not file a joint return with his spouse, IRS claimed, he did not qualify for the 50 percent maximum tax under Section 1348(c). Rules for determination of Boyer's marital status are set forth in Section 153 of IRC,[2] which in relevant part for 1976 provided:

§ 153. **Determination of marital status**
For purposes of this part—

(1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and

(2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.

26 U.S.C. § 153 (1970 ed. applicable to tax year 1976), *language repealed for tax years beginning after December 31, 1976 by the Tax Reform Act of 1976,* Pub.L. No. 94–455, 90 STAT. 1520. Since Boyer was not divorced as of December 31, 1976—the close of his taxable year—his status for tax purposes would be "single" only if he was

"legally separated from his spouse under a decree of * * * separate maintenance" as of that date. IRS contended that the May 6, 1976 order of temporary support pursuant to Section 32 of Chapter 209 of the Massachusetts laws was not a decree of separate maintenance that effectuated a legal separation. IRS recomputed Boyer's tax on the basis of the filing status "married, filing separately" and assessed approximately $50,000 in additional liability for 1976.

Boyer challenged IRS in the Tax Court and won. *Boyer v. Commissioner, supra,* 79 T.C. 143, App. 4. The court held that Boyer could claim the marital status of single for 1976 because the May 6th order was a "decree * * * of separate maintenance" that effected a legal separation. Drawing from prior Tax Court precedent, the court held that a court order for separate maintenance that *affects marital status* is a "decree of * * * separate maintenance" for purposes of the IRC. 79 T.C. at 148–149, App. 12 (*citing Boettiger v. Commissioner,* 31 T.C. 477, 484 (1958); *Dunn v. Commissioner,* 70 T.C. 361, 368 (1978)). Whether an order of separate maintenance affects marital status is, according to the court, determined by reference to state law. 79 T.C. at 147, App. 10. As the court read Massachusetts law, an order of separate maintenance pursuant to Section 32 of Chapter 209 did affect marital status. To support this view the court relied on *De-Marzo v. Vena,* 330 Mass. 118, 111 N.E.2d 797 (1953), which stated that an order under Section 32 "comprehend[s] a modification of the incidents of the status of marriage * * *." 111 N.E.2d at 800. Since the May 6th order of temporary support was an order under Section 32, the Tax Court held that it amounted to a "decree of * * * separate maintenance" that effected a legal separation for federal tax purposes. The court thus upheld Boyer's claim of

---

**2.** The Tax Court applied § 143 of IRC, 26 U.S.C. § 143, to determine Boyer's marital status for tax year 1976. As we have noted in text, technically § 153 governs Boyer's status for 1976. The language of § 153 was repealed for tax years beginning after December 31, 1976 be-

cause it was recognized that the identical language of § 143 served all functions that § 153 otherwise served. Section 153 now reads: "For determination of marital status, see section 143." 26 U.S.C. § 153(5) (1982).

"single" status for 1976 and consequent eligibility for the 50 percent maximum tax.

## II. ANALYSIS

The sole issue for us on this appeal is whether Boyer can properly claim a marital status of single for the tax year 1976. We hold that he cannot. Though the Tax Court was correct in its general approach of looking to the state law of the marital domicile to determine marital status for federal tax purposes, *see Boyter v. Commissioner*, 668 F.2d 1382, 1384 (4th Cir. 1981), a misapprehension of the nature of the proper inquiry into state law and of the effect of the May 6th order under Massachusetts law led the court to an erroneous appraisal of Boyer's marital status.

In finding the May 6th order determinative of Boyer's marital status, the court held that any order of separate maintenance that had the additional consequence of affecting marital status—as determined by reference to the law of the state of marital domicile—was a decree that effected a legal separation for purposes of marital status under federal law. This rule the court drew from a statement in *Boettiger v. Commissioner, supra,* that where an order of separate maintenance "only effectuated the wife's right to support, and [did] not affect their marital status in any other way, there was no legal separation * * *." 31 T.C. at 484 (internal quotation marks omitted). The Tax Court here reasoned that if a maintenance order that had no additional effects on marital status did not effect a legal separation under Section 153, then a maintenance order that did additionally affect marital status would effect a legal separation under Section 153. Since the *DeMarzo* court seemed to hold that an order under Section 32 affected marital status in Massachusetts, the court concluded that the May 6th order under Section 32 effected a legal separation under federal law.

■ Though the *Boettiger* decision is indisputably correct, the court in this case misstepped in assuming that the obverse of the *Boettiger* holding was equally valid.

Such a reading is not logically compelled and is unsupported by any precedent. More importantly, the phrase that the Tax Court seized on as an interpretation of federal law was made in the context of the *Boettiger* court's discussion of whether a separate maintenance order constituted a legal separation under the state law of New Jersey, and thus carries no weight as an indicator of the meaning of the federal statutory language "legally separated under a decree of * * * separate maintenance." 26 U.S.C. § 153 (1970 ed.). In determining whether a party is legally separated for purposes of this section the proper inquiry is not whether a state order of separate maintenance affects marriage status under applicable state law; rather the proper inquiry is whether an order of separate maintenance affects marriage status in such a way that it is deemed a legal separation under applicable state law. *See Capodanno v. Commissioner*, 602 F.2d 64, 67 (3d Cir.1979); *Seaman v. Commissioner*, 479 F.2d 336, 338 (9th Cir.1973) ("since a California interlocutory [divorce] decree does not dissolve the marriage, the spouses are still married for federal tax purposes"). In other words, a party must be legally separated under state law in order to be eligible to file as single for federal income tax purposes.

■ Applying these principles, there can be little question that the May 6th order did not effect a legal separation under the law of Massachusetts. The order is expressly denominated "Temporary Order," *see* Temporary Order, JA 37, and was issued "[p]ending a hearing on the merits or until further order of the Court." *Id.* The order was, moreover, made in response to motions for "temporary support" and for a "temporary restraining order." Authoritative exposition of Massachusetts law by the Supreme Judicial Court of Massachusetts holds that "[a] separate support proceeding [under Section 32 of Chapter 209] is designed to secure the 'temporary support' of a wife; the decree does not create a judicial separation, nor establish a permanent status for the future." *Gould v. Gould,* 359

Mass. 29, 32, 267 N.E.2d 652, 655 (1971); *accord Meyer v. Meyer,* 335 Mass. 293, 296, 139 N.E.2d 709, 712 (1957).

Properly understood, *Demarzo v. Vena, supra,* on which the Tax Court relied, is not to the contrary. In that case the court did not evaluate the effect of a Temporary Order of support such as the May 6th order at issue here. In the practice of probate courts in Massachusetts, such Temporary Orders of support are—as in the present case—issued on Form 401, which makes clear the interlocutory nature of the order. Permanent decrees are entered on forms such as Form 402. *See* Appendix to this opinion for samples of both these forms. The court in *DeMarzo* evaluated the effect of a decree of the Massachusetts Probate Court that the husband was living apart from his wife for justifiable cause. Such an order would today appear enterable under item 2 on Form 402. It is in any case more final and more disruptive of the marriage than the Form 401 order at issue here. In our view, the latter clearly does not effect a legal separation. Moreover, any force that the *DeMarzo* dictum might have had is significantly blunted by the later statements of the Supreme Judicial Court of Massachusetts in *Gould, supra,* and *Meyer, supra,* that decrees under Section 32 do not effect a legal separation. Thus the May 6th order did not amount to a legal separation under the law of Massachusetts.

### III. CONCLUSION

Because taxpayer Boyer's claim of "single" status depends entirely on the construction given the May 6th order, we must reverse the Tax Court's determination that Boyer had properly filed as single for the tax year 1976. He was not "legally separated under a decree of * * * separate maintenance" on December 31st of that year for purposes of Section 153 of the IRC, 26 U.S.C. § 153, because the May 6th order did not effect a legal separation under Massachusetts law. We therefore hold that he could not claim a marital status of "single" for that year. Accordingly, Boyer's proper filing status for 1976 was "mar-

ried, filing separately" and he was ineligible for the benefit of the 50 percent maximum tax and all other benefits appurtenant to "single" status for that year.

*Reversed.*

### APPENDIX
#### APPENDIX OF FORMS
ORDER, FINDINGS AND JUDGMENTS
Form 401

TEMPORARY ORDER

COMMONWEALTH OF MASSACHUSETTS

[FACE SIDE OF FORM]

Probate Court

_____ ss.     No. _____

_____ Plaintiff

  v.     Temporary Order

_____ Defendant

Pending a hearing on the merits or until further order of the Court, it is ordered that:

1) ☐ plaintiff—defendant be and hereby is prohibited from imposing any restraint on the personal liberty of plaintiff—defendant

2) ☐ plaintiff—defendant have the care and custody of

the minor child _____ of the parties

3) ☐ plaintiff—defendant be given the following visitation right: _____
_____
_____
_____
_____

4) ☐ plaintiff—defendant pay to h__ spouse the sum of _____ forthwith and the further sum of _____ on each and every _____ hereafter, beginning on _____, for h__ support and that of the minor child _____

5) ☐ said payments to be made to the Probation Department and forwarded to (the Department of Public Welfare) (the plaintiff—defendant) (the applicable city or town of _____)

6) ☐ the parties shall comply with a stipulation or agreement of the parties dated _____ which is filed with the court and expressly made a part of this order

7) ☐ plaintiff—defendant pay reasonable medical, dental and hospital expenses of h__ spouse and minor child _____ and maintain existing medical and hospital insurance

8) ☐ plaintiff—defendant vacate the marital home at _____ for a period of _____ days commencing on _____

9) ☐

_____   _____
Date      Judge of Probate

COMMONWEALTH OF MASSACHUSETTS
[BACK SIDE OF FORM]

_____ ss.

Probate Court
No. _____

_____ Plaintiff

v.

_____ Defendant

TEMPORARY ORDER

NOTE: When typing order, strike out those boxes which are not applicable.

\* \* \* \*

Form 402

SEPARATE SUPPORT

COMMONWEALTH OF MASSACHUSETTS
[FACE SIDE OF FORM]

_____ ss.

Probate Court
No. _____

_____ Plaintiff

v.

Judgment of Separate Support

_____ Defendant

All persons have been notified in accordance with law and—no objections being made thereto—after hearing—, it is ordered and adjudged that:

1) ☐ the complaint for separate support and maintenance be approved;

2) ☐ plaintiff has justifiable cause for living apart, to wit: _____;

3) ☐ plaintiff—defendant—have the care and custody of the minor child _____: _____;

4) ☐ plaintiff—defendant—be granted the following visitation rights: _____
_____
_____
_____;

5) ☐ defendant be and hereby is prohibited from imposing any restraint on the personal liberty of plaintiff;

6) ☐ defendant pay to plaintiff _____ dollars forthwith for h__ support and said minor child _____ and the further sum of _____ dollars weekly on each _____ (to be allocated as follows _____);

7) ☐ defendant pay reasonable medical and dental expenses of plaintiff and minor child _____;

8) ☐ real estate located at _____ standing in the name of _____, as recorded in bk. _____, p. _____ of _____ be conveyed to plaintiff;

9) ☐ _____
_____
_____

all until further order of the Court.

Date: _____    _____
                    Judge of Probate Court