NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0556n.06
Filed: June 28, 2005

No. 04-5580

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RUBEN FREYRE, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee*. | ) | |

BEFORE:    COLE and SUTTON, Circuit Judges; ZATKOFF, District Judge[*]

**Lawrence P. Zatkoff, District Judge.**   Plaintiff-Appellant, Ruben Freyre (hereinafter, "Taxpayer"), appeals the District Court's grant of Summary Judgment for Defendant-Appellee United States (hereinafter, "the Government").   Because the district court did not err in concluding that Taxpayer was a "married individual" for the 1996 tax year, we **AFFIRM** the judgment of the district court as to this issue.   We find that the district court erred, however, in concluding that Taxpayer's $1,460.50 monthly payments should be considered as non-deductible child support.   Accordingly, we **REVERSE** the judgment of the district court as to this issue.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

# I. BACKGROUND

## A. Factual History

Taxpayer married Esther Evans (hereinafter, "Spouse") in 1990. The couple have one child. On February 9, 1996, Spouse filed suit for divorce against Taxpayer in Tennessee. Spouse also obtained a temporary restraining order against Taxpayer. Thereafter, Taxpayer resided at a separate location. On March 18, 1996, Spouse filed a *Motion Pendente Lite* asking for alimony and child support *pendente lite*.

On or about May 30, 1996, attorneys for Spouse and Taxpayer announced to the divorce referee that they had reached an agreement where Taxpayer would pay Spouse monthly payments for child support, rent, auto, and insurance payments. *See* J.A. at 135. The divorce referee set down this agreement in a handwritten consent order stating that "husband to pay $1,460.50 per mo. child support, rent $850 (for wife), auto payment and ins. (for wife)." *See* J.A. at 132. Thereafter, Spouse's attorney prepared a consent *Order on Motion Pendente Lite* and obtained the signatures of attorneys for both Taxpayer and Spouse. On June 5, 1996, the divorce court judge signed and entered the Order. *See* J.A. at 61-62. In addition to the $850 monthly payment for rent and $790 monthly car payment, the Order required Taxpayer to pay Spouse $1,460.50 per month "as and for support." *See id.* Pursuant to this Order, Taxpayer made these payments during the 1996 tax year.

When Taxpayer computed his 1996 federal income tax, he filed as a "single" taxpayer and deducted $24,804 as alimony, including $11,684 representing the eight monthly payments of $1,460.50. In reviewing Taxpayer's deduction, the IRS determined that Taxpayer should have filed as a "married individual," and that Taxpayer improperly deducted the $11,684 as alimony because this payment to Spouse should have been considered non-deductible child support. In response to

2

the IRS's asserted tax deficiency, Taxpayer paid the deficiency.

## B. Procedural History

Taxpayer brought the Present Complaint on February 19, 2003 seeking a refund regarding his 1996 federal taxes. Taxpayer brought his Complaint in the Western District of Tennessee where it was heard by Judge Samuel H. Mays, Jr. Both Taxpayer and Defendant United States brought motions for summary judgment. On January 29, 2004, the district court denied Taxpayer's motion for summary judgment and granted Defendant's. *See* J.A. at 144. In granting Defendant's motion for summary judgment, the district court held (1) that Taxpayer was not entitled to file as a "single" taxpayer and (2) that the divorce court's consent order did not modify the parties' earlier agreement which described the $1,460.50 monthly payment as child support. Taxpayer appealed the district court's order to this Court.

## II. LEGAL STANDARD

The Court reviews a district court's grant of summary judgment *de novo*. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(C). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986). The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986).

3

## III. ANALYSIS

There are two issues before the Court: (1) Whether Taxpayer was a "single" taxpayer or a "married individual" in 1996, and (2) Whether Taxpayer was entitled to an alimony deduction for the $1,460.50 monthly payments he paid to Spouse.

**A. Taxpayer was a "married individual" pursuant to IRC § 7703(a)(2).**

Taxpayer asserts that he was entitled to file his 1996 federal taxes as a "single" taxpayer. Both the IRS and the district court disagreed with Taxpayer's assertion. This Court also disagrees with Taxpayer.

Section 7703(a)(2) of the Internal Revenue Code states: "an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." 26 U.S.C. § 7703(a)(2). In order to determine whether Taxpayer was "legally separated," the Court looks to state law. *See Boyer v. Commissioner*, 732 F.2d 191, 194 (D.C. Cir. 1984) ("a party must be legally separated under state law in order to be eligible to file as single for federal income tax purposes.").

Under Tennessee law, there are two ways by which a married couple can alter their marital status. One way is divorce; the other legal separation. *See* Tenn. Code. Ann. § 36-4-102 ("A party who alleges grounds for divorce from the bonds of matrimony may, as an alternative to filing a complaint for divorce, file a complaint for legal separation."). Neither Taxpayer nor Spouse filed for legal separation, and Taxpayer's divorce was not finalized until 1998. Accordingly, Taxpayer was not entitled to file as a "single" individual and the IRS properly required Taxpayer to file his 1996 tax return as a "married individual."

Despite the clear meaning of IRC § 7703(a)(2) and the uniform application of the section by

4

the courts, Taxpayer attempts to rewrite IRC §7703(a)(2) by referring the Court to the alimony provisions of IRC § 71. IRC § 71 states that a taxpayer's gross income includes amounts received as alimony. In defining what constitutes alimony, IRC § 71(b)(1)(C) mentions the term "legally separated." Taxpayer then directs the Court to Treasury Regulation 1.71-1(2)(b)(3)(i) which further explains the term "legally separated":

> "It is not necessary for the wife to be legally separate or divorced from her husband under a court order or decree if the parties live apart, do not file joint tax returns, and the wife receives payment from her husband under a decree of alimony pendente lite requiring the husband to make payments for her support."

Taxpayer then concludes that Treasury Regulation 1.71-1(2)(b)(3)(i)'s explanation of "legally separated" applies to IRC § 7703(a)(2)'s use of the term. The Court disagrees.

IRC § 71's use of the term "legally separated" makes no reference to the requirement of IRC § 7703(a)(2) that a married individual must be "legally separated" to file a tax return as a single person. The Court will not rewrite IRC § 7703(a)(2)'s "legally separated" requirement based on a treasury regulation's explanation of an unrelated section of the Code. Instead, and in accord with the plain meaning of IRC § 7703(a)(2) as well as its interpretation by the courts, the Court finds that Taxpayer was not entitled to file as a "single" individual and that the IRS properly required Taxpayer to file his 1996 tax return as a "married individual."

**B. Taxpayer's $1,460.50 monthly payments must be considered as alimony under the tax code.**

Under the tax code, a payor spouse's payments to the payee spouse may be considered as either non-deductible child support or deductible alimony. Alimony is deductible from the payor spouse's income, but should be included in the payee spouse's income. *See* IRC § 215(a); *see also* IRC § 71(a). Conversely, child support is non-deductible from the payor spouse and is not included in the payee spouse's income. *See* IRC § 71(c)(1).

5

Taxpayer argues that his monthly payments of $1,460.50 to his spouse should not be considered as child support because the payments were not specifically designated as child support. Paragraph 1 of the Divorce Court's *Order on Motion Pendente Lite* stated: "Ruben Hector Freyre . . . is hereby ordered to pay to the Plaintiff each month the sum of One Thousand Four Hundred Sixty Dollars and Fifty Cents ($1,460.50) as and for support . . ." *See* JA at 61. Because there was no mention in the Order of "child support," Taxpayer asserts that the IRS should have considered his $1,460.50 monthly payments as alimony and should have granted him a deduction under IRC § 215(a).

In support of his argument, Taxpayer relies on the tax code and regulations. IRC § 71(a) states that alimony payments are includible as gross income of the payee spouse. Any payments which are "fixed" as child support, however, are not includible as gross income. § 71(c)(1) provides this exception:

> [§ 71(a)] shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.

Treasury Regulation 1.71-1(e) explains the meaning of § 71:

> Section 71(a) does not apply to that part of any periodic payment which, by the terms of the decree, instrument, or agreement under section 71(a), is *specifically designated* as a sum payable for the support of minor children of the husband. . . . If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband *without such specific designation* of the portion for the support of such children, then the whole of such amounts *is includible* in the income of the wife as provided in section 71(a).

26 C.F.R. § 1.71-1(e) (emphasis added).

In response, the Government argues that the parties clearly agreed that the $1,460.50 monthly payment was child support. As support, the Government points to the following undisputed

6

facts. The parties' May 30, 1996 agreement with the divorce referee specified $1,460.50 per month for child support, $850 per month for rent, and an unspecified amount per month for car payments and insurance. J.A. at 132. Thereafter, when the agreement was reduced to a written order and given to the Divorce Judge to sign, the Order called for monthly payments of $850 for rent and $790 for car payments and insurance. *Id.* at 137. Instead of a $1,460.50 monthly payment for "child support," however, the Order merely designated the $1,460.50 monthly payment "as and for support." *Id*.

The Court has some sympathy for the Government's position that it is unlikely that, in drafting the consent order, the parties intentionally omitted the word "child" in order to substantially alter their prior agreement, thereby rendering the $1,460.50 monthly payment as alimony instead of child support. That said, there is one piece of evidence suggesting that one of the parties did think the $1,460.50 monthly payment should be treated at least in part as alimony. In her deposition, Spouse stated: "My understanding [is that] it was to be used toward the bills and to take care of our son. Just to continue the household as it was." J.A. at 119. Nevertheless, it seems inequitable to conclude that Taxpayer be given a deduction for this payment based on the omission in the consent order, and that Taxpayer's spouse be required to include the payment in her taxable gross income. Nevertheless, such a conclusion is precisely what the tax code requires.

Even though it remains unclear whether the parties agreed that the payment was child support, and even if the better reading of the record suggests that the payments should be treated as child support, the tax code and regulations require that the divorce *instrument* "specifically designate" a payment as child support. *See* IRC § 71(c)(1); *see also* Treasury Regulation 1.71-1(e). The prior agreement of the parties before the divorce referee does not constitute a binding divorce

7

instrument. Therefore, regardless of any previous agreement or any mistake in the drafting of the Divorce Court's Order, Taxpayer is correct that the divorce instrument did not specifically designate the $1,460.50 monthly payment as child support as required by IRC § 71(c)(1).

In addition to the clear language of the tax code and tax regulations, Taxpayer finds further support in *Commissioner v. Lester*, 366 U.S. 299, 306 (1961). In *Lester*, the Supreme Court held that "the allocations to child support made [in divorce agreements] must be 'specifically designated' and not left to determination by inference or conjecture." *Commissioner v. Lester*, 366 U.S. 299, 306 (1961). Though part of *Lester's* holding was overruled by IRC § 71(c)(2), *Lester's* "specifically designated" requirement is still applicable and was followed in Treasury Regulation 1.71-1(e). *See Preston v. Commissioner*, 209 F.3d 1281 (11th Cir. 2000); *see also* 26 C.F.R § 1.71-1(e).

Based on IRC § 71(c)(1), Treasury Regulation 1.71-1(e), and *Commissioner v. Lester*, the Court finds that the Divorce Court's Order did not "specifically designate" or "fix" the $1,460.50 monthly payment as child support. Accordingly, the $1,460.50 monthly payment must be considered as alimony and thus is deductible by Taxpayer under IRC § 215.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court as to its conclusion that Taxpayer was a "married individual" for the 1996 tax year. We **REVERSE** the judgment of the district court that Taxpayer's $1,460.50 monthly payments should be considered as non-deductible child support. Accordingly, we **REMAND** the case to the district court with instructions to enter judgment consistent with this opinion.

8

\\ca6cin4\unpub\Published\05a0556n-06.txt